Bourne *v.* Littlefield.

---

WILLIAM BOURNE, *Adm'r in equity, versus* WALTER LITTLEFIELD.

The condition of a mortgage deed was, that if the mortgagor or his assigns, should pay $500, *at a future specified time*, then the deed as also a note bearing even date with it, given by the mortgagor to the mortgagee to pay said sum at the time aforesaid, should both be void.

In a bill to redeem by the mortgagor's assignee, *it was held*, that parol evidence was admissible, before the master, to show that a note of $500, payable *on demand with interest*, was the one secured by said mortgage.

A party who comes into a court of equity to redeem a mortgage, although entitled to redeem, must pay cost to a defendant who is not in fault.

BILL by an assignee of a mortgagor to redeem land mortgaged.

*Bourne,* for plaintiff.

The only question is, what amount was due upon the mortgage.

The mortgage is, of itself, plain, intelligible and complete. No parol testimony to explain is admissible. None is needed.

The note received in evidence by the master, was essentially different from that secured by the mortgage. It was not admissible.

The plaintiff is an assignee. As to *him,* the record alone is the evidence. 4 Kent's Com. 176 ; 1 Story on Eq. § 176, 165.

*Geo. F. Shepley,* for defendant.

The opinion of the Court, (WELLS. J, dissenting,) was read by

SHEPLEY, C. J. — This case upon the bill and answer was committed to a master to ascertain and report the amount due to the defendant upon the mortgage. His report having been made, exception is taken to his admission of certain testimony and to the allowance of interest on the debt secured by the mortgage.

The mortgage was made by Dimon Hill to the defendant upon condition " that if the said Dimon Hill, his heirs, executors or administrators pay to the said Walter Littlefield, his heirs, executors, administrators or assigns, the sum of five hundred dollars on or before the twentieth day of June, which will be in the year of our Lord one thousand eight hundred and forty-six, then this deed as also a certain note bearing even date with these presents, given by the said Dimon Hill to the said Walter Littlefield, to pay the same sum of five hundred dollars at the time aforesaid, shall both be void ; otherwise shall remain in full force."

The defendant produced a note bearing even date with the mortgage, for the sum of $500, made by Hill and payable to the defendant or order " on demand with interest." The master admitted parol evidence, which clearly proved, that it was the note which the mortgage was made to secure, although it differed from the description in the mortgage by being payable on demand instead of four years from its date, and by being made payable with interest.

The objection made to the proof is, that it contradicts the description of the note contained in the deed.

There are reports of decisions made in numerous cases, that a debt secured by mortgage will continue to be secured by it, although there may have been an entire change made in the paper or evidence of indebtment, by which the existence of the debt is shown. *Davis* v. *Maynard*, 9 Mass. 242; *Wilkins* v. *Hill*, 8 Pick. 522; *Pomroy* v. *Rice*, 16 Pick. 22; *Elliot* v. *Sleeper*, 2 N. H. 525; *Bank* v. *Willard*, 10 N. H. 210; *Osborne* v. *Benson*, 5 Mason, 157. In such cases the paper or evidence of indebtment does not correspond to that described in the mortgage, and parol evidence is necessarily received to identify it with that so described.

In the case of *Johns* v. *Church*, 12 Pick. 557, the mortgage described a note for $236. The note produced was for $256. And parol evidence was held to be admissible to prove, that it was the note secured by the mortgage.

In the case of *Hall* v. *Tufts*, 18 Pick. 455, the note described in the mortgage made to Ebenezer Hall, 3d, was dated on March 13, " one thousand seven hundred and ninety-eight, for the sum of $495,21, payable on demand and on interest, had and signed by Hall Tufts." The note produced was dated on March 13, 1798, for $495,21, payable to Ebenezer Hall, not the same person named as mortgagee, on demand with interest, and was signed by Hall Tufts. Parol evidence was held admissible to prove, that it was the note secured by the mortgage.

In the case of *Jackson* v. *Bowen*, 7 Cow. 13, the mortgage was made on Nov. 8, 1817, to Rufus and Obadiah Boies and Asahel Lyman, to secure $750, according to the condition of a bond bearing even date therewith, executed by the mortgagor to the mortgagees. The bond produced, was dated on Nov. 18, 1817, and was made to the mortgagees and two other persons. Parol evidence was held to be admissible to prove the bond produced, to be the one secured by the mortgage.

In the case of *Pierce* v. *Parker*, 4 Metc. 80, a note was described in a schedule annexed to an assignment, as dated on

October 18, 1833, and as payable on May 21, 1834. The note produced was payable on April 21, 1834. Parol evidence was held to be admissible to prove it to be the note described in the schedule. The opinion states, " in the case before us, the evidence is not offered to vary the written contract, but to show, that there was a mis-description of the time of payment of the note in the schedule annexed to the assignment, which happened through inadvertence. And it is a well settled principle of law, that where an instrument, which is offered to prove the subject matter described, differs in one or more particulars from the thing described, evidence is admissible to show their agreement or identity, notwithstanding such mis-description."

In the case of *Doe* v. *McLoskey*, 1 Ala. 708, parol evidence was held admissible to identify the debt secured by a mortgage.

When the mortgage does not refer to any bond, note or other contract as secured by it, the parties may well be regarded as trusting to the deed alone to ascertain the amount to be paid, or the duty to be performed. But in this case and in others of the like kind, the decision of the master to admit parol evidence to prove, that the contract produced was the one, for the security of which the mortgage was made, was fully authorized by the decided cases.

It is further insisted, that the plaintiff, who represents an assignee of the mortgagor, cannot be legally compelled to pay interest on the note, or more than five hundred dollars, because the deed of mortgage declares, that it shall be void upon the payment of that sum.

It also declares, that the note also shall be void upon the payment of that sum. And both would become void upon such payment made according to the literal import of the language. Testimony having been legally received to prove, that the note produced was the one secured by the mortgage, it becomes apparent, that the literal import of the language does not exhibit the intentions of the parties. Their intentions cannot be misunderstood; and when clearly ascertained, they de-

cide what the contract is, and by it the rights of the parties are determined.

The grantee of the mortgagor cannot by his conveyance acquire rights in the estate conveyed, superior to those of his grantor.

There is little danger that the purchaser of an equity could be deceived respecting the amount due by a statement of it contained in the mortgage, in cases where a note, bond or other contract is referred to as secured by it. He would in such cases be informed, that other and more certain means of knowledge existed, and of the source, to which he might resort for more exact information. When the rule is once established, that the mortgage debt will remain secured after a change in the evidence of its existence, it becomes apparent, that it would be wholly unsafe to rely in any case upon the statement of the amount in the mortgage. The amount to be paid, may have been increased by the accumulation of interest, by costs or litigation, and by repairs and improvements, made upon the estate by a mortgagee, who has entered into possession.

The report of the master is in all respects confirmed.

The rule respecting costs is, that a party, who comes into a court of equity to redeem a mortgage, although entitled to redeem, must pay costs to a defendant, who is not in fault. *Vroom* v. *Ditmas*, 4 Paige, 527. The defendant not appearing to have been in fault, is allowed costs.

A decree is to be entered, that plaintiff may redeem within three years from June 21, 1846, by making payment of the amount of the note with interest thereon to the time of payment, and of the further sum of $29,15 for excess of the amount expended for improvement and repair, over the amount received for rents and profits.