# ELIJAH C. BABCOCK *et al.*

## *v.*

## ORRA M. LISK.

1. MORTGAGE—*what debts are embraced therein.*  A mortgage which recited that it was given to secure the payment of a certain promissory note described therein, "and also in consideration of the further sum of five hundred dollars," to the mortgagor in hand paid, the receipt whereof was thereby acknowledged, he had " granted, bargained, sold and conveyed" the premises described in the mortgage deed, was construed as a security given for the payment of the promissory note mentioned, and also the sum of $500 of other indebtedness.

2. SAME—*parol proof of indebtedness secured thereby.*  And the $500 not being evidenced by any note or bond outside of the mortgage itself, it was competent, upon a bill to foreclose, to show by parol evidence the nature and character of such indebtedness and when contracted.   That was in no sense enlarging the terms of the mortgage, but was simply showing the true amount of the consideration of the deed, and parol evidence is admissible for such purpose.

3. INTEREST—*at what rate recoverable.*  The proof showing when the indebtedness other than that mentioned in the promissory note was contracted, and there being no special contract as to the rate of interest, it was not error for the court to decree the legal rate of interest thereon.

4. PURCHASER *from the mortgagor—how far chargeable with notice.*  The fact that the sum of " five hundred dollars" was named in the mortgage, was, of itself, sufficient to put a subsequent purchaser of the mortgaged

premises on inquiry as to what was the true amount due under the mortgage, and if he purchased without making the necessary inquiries at the proper sources of information, he would be held to have done so at his peril. The mortgage being duly recorded in the proper office, a purchaser of the premises would be chargeable with notice of all it contained.

5.  NOTICE—*when a party is chargeable therewith.*  Where a party wilfully closes his eyes against the lights to which his attention has been directed, and which, if followed, would have led to a knowledge of all the facts, he will be chargeable with notice of every fact that he could have obtained by the exercise of reasonable diligence.

APPEAL from the Circuit Court of Warren county ; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. JOHN J. GLENN, for the appellants.

Messrs. STEWART & PHELPS, for the appellee.'

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a bill filed in the circuit court of Warren county, by the appellee, against the appellants and one Elijah F. Randall, to foreclose a mortgage.  The appellants were judgment creditors of the mortgagor, Randall, and at a sale under a judgment against him, became the purchasers of the land covered by the mortgage.  The ground upon which a reversal is sought, is, that the decree is rendered for a larger sum than that stated in the mortgage.  The difficulty arises on the following clause contained in the mortgage, viz:

"Whereas, the said party of the first part is justly indebted to the said party of the second part in the sum of $70, with three years interest thereon, secured to be paid by one certain promissory note, dated September 8th, for the sum of $70, with interest:  Now, therefore, this indenture witnesseth, that the said party of the first part, for the better securing the payment of the money aforesaid, with interest thereon, according to the tenor and effect of the said promissory note above mentioned, and also in consideration of the further sum of five hundred

dollars to him in hand paid, the receipt whereof is hereby acknowledged, has granted, bargained, sold and conveyed" the premises described in the mortgage deed.

The form of the mortgage is one of the usual blanks, and was, doubtless, filled up by a person inexperienced in drawing legal papers. It does not seem to us that the sum of "five hundred dollars" was named in the mortgage as a nominal consideration. The true construction of the mortgage, is that which was given to it by the circuit court, viz: that it was given to secure the promissory note of $70, and also the sum $500 of other indebtedness. The fact that the $500 was not evidenced by any note or bond outside of the mortgage itself, rendered it entirely competent for the court to hear parol evidence to show the nature and character of the indebtedness, and when contracted. It was indispensable that such proof should be made. This was, in no sense, enlarging the terms of the mortgage. It was simply showing the true amount of the consideration of the deed, and this court has repeatedly held that parol evidence is admissible for that purpose.

The fact that the sum of "five hundred dollars" was named in the mortgage, was, of itself, sufficient to put the appellants on inquiry as to what was the true amount due to the appellee, and if they purchased without making the necessary inquiries at the proper sources of information, they must be held to have done so at their peril. The mortgage was duly recorded in the proper office, and the appellants are chargeable with notice of all it contained. The mortgagor, and the mortgagee's agent, resided in the immediate neighborhood, and the slightest inquiry would have put the appellants in possession of all the information necessary to their protection, before they made their purchase. Having failed to avail themselves of the information within their reach and readily accessible, they must suffer the consequences of their own ignorance. When a party wilfully closes his eyes against the light to which his attention has been directed, and which, if followed, would lead to a knowledge of all the facts, he will be chargeable with

notice of every fact that he could have obtained by the exercise of reasonable diligence. As to the question of notice, this case falls within the principles announced by this court in its former decisions. *Doyle* v. *Teas,* 4 Scam. 202; *Cox* v. *Milner,* 23 Ill. 476; *Ogden* v. *Haven,* 24 Ill. 59.

There was no error in the court in allowing interest. The proof showed when the indebtedness other than that mentioned in the promissory note was contracted, and the law, in the absence of any special contract as to the rate of interest, fixed the rate. The court, in the computation, only allowed the legal rate of interest, six per centum per annum.

Perceiving no error in the record, the decree of the circuit court is affirmed.

*Decree affirmed.*