KELLOGG v. FRAZIER.

1. **Evidence:** COMPETENCY: CONCLUSION. The statement of a witness that, in reply to a letter of inquiry respecting the amount of an unrecorded mortgage the answer was "evasive," is a conclusion and accordingly incompetent. The letters themselves should be introduced to determine the character of the reply.

2. **Mortgage:** CERTAINTY OF AMOUNT. A mortgage which provides that, upon the full payment of the notes described in a certain other mortgage executed upon a given date. and recorded upon a given page of a specified volume of the records of another county, it shall be void, sufficiently indicates the amount secured to put subsequent purchasers upon inquiry.

*Appeal from Story Circuit Court.*

FRIDAY, JUNE 11.

THE petition alleges that on the 3d day of June, 1869, Isaac L. Graves, of Dodge county, Wisconsin, made to Wm. L. Graves six promissory notes for $2,200, and to secure the same executed a mortgage on certain land in said county. That on the 4th of December, 1869, Wm. L. Graves sold said notes and mortgage to R. S. Russell, and the better to secure the same executed to Russell his mortgage on one hundred and twenty acres of land in Story county.

That on the 19th of March, 1870, Russell sold said notes and mortgages to plaintiff, who foreclosed the first described mortgage in the Circuit Court of Dodge county, Wisconsin, took judgment for the amount of the notes, twenty-five hundred dollars, caused the Wisconsin property to be sold under special execution for $1,200, and had a general execution issued

against Isaac L. Graves, which was returned no property found.

That there is due plaintiff on the Wisconsin notes and mortgage, now in judgments, $1,851.00.

. That the defendant, Frazier, claims some interest in the last mortgage described. Plaintiff asks judgment against Graves for the amount due, and the foreclosure of the mortgage, and that the lien or interest of Frazier be declared junior to that of plaintiff.

The defendant, Frazier, for answer alleges that he owns the property in last mortgage mentioned in virtue of a purchase at sheriff's sale on the 29th of June, 1872. That the mortgage from Wm. L. Graves to R. S. Russell is void because it does not show the amount it is given to secure. That defendant, when he purchased, had no knowledge of the amount of the Wisconsin notes and mortgage. That plaintiff failed to place his Wisconsin mortgage on record in Story county, Iowa, and refused to impart to defendant any knowledge as to the amount the mortgage in suit was intended to secure.

The court rendered judgment for plaintiff for $1,127.00, . foreclosed the mortgage, and decreed that the title of Frazier be barred and foreclosed. The defendant, Frazier, appeals. The material facts are stated in the opinion.

*J. S. Frazier*, for appellant.

*L. Irwin*, for appellee.

DAY, J.—Plaintiff introduced the transcript of a record from the Circuit Court of Dodge county, Wisconsin, showing a balance of an unsatisfied judgment of $1,600, on the notes and mortgage of Isaac L. Graves, and an execution returned, "no property found," and the mortgage in suit, and the assignment thereof to plaintiff. This mortgage is in the usual form, and no question is made upon any part of it except the defeasance, which is as follows: "Provided always, and these presents are upon this express condition, that if a certain mortgage, made on the 3d day of June, 1869, by Isaac Graves and Bell Graves, of Oak Grove, in Dodge county, Wisconsin, and made

to William Graves, then of that county, to secure the payment of certain notes described in said mortgage, and which mortgage is recorded in Vol. 22 of mortgages, on page 7, of the records of said Dodge county.

Now if said mortgage, executed as aforesaid, by said Isaac Graves and Bell Graves, and said notes therein described, are duly and fully paid according to the terms thereof, then these presents shall be null and void."

The defendant introduced his sheriff's deed, dated June 29th, 1873, showing that the land in controversy was sold to him on execution against William Graves, and testified on his own behalf, as follows: " I purchased land in controversy on the 29th of June, 1873, on execution against Wm. L. Graves. Before purchasing it, I wrote to plaintiff in Dodge county, Wisconsin, and asked him to give me the amount of the Isaac L. Graves notes and mortgage, and the amount of the lien on the land in controversy intended to be created by the mortgage in suit, and he made an evasive answer, and did not give me either the amount of the Isaac L. Graves notes and mortgage, nor the amount that the mortgage in suit was intended to secure. He said that the Isaac L. Graves mortgage was in suit, and he said he did not know how much he would claim on this mortgage now in suit. I had no knowledge of the amount of the Isaac L. Graves notes and mortgage, nor of the amount that the mortgage in suit was intended to secure when I purchased said land."

It is claimed that the plaintiff is estopped from insisting upon a foreclosure of this mortgage because he did not, when appealed to, furnish more satisfactory information of the amount the mortgage in question was given to secure. The testimony of defendant that plaintiff made an evasive answer is the statement not of a fact, but of a mere opinion or conclusion. We should have both letters, or their contents, in order to determine whether or not plaintiff's answer was evasive. The Isaac L. Graves mortgage was the primary security. The mortgage in suit could be resorted to only for the satisfaction of any balance remaining unsatisfied after exhausting the first mortgage. Whilst the first mortgage

1. EVIDENCE: competency.

was in suit plaintiff could not tell how much would remain unsatisfied, nor how much he would claim on the mortgage in suit. There was in the answer, so far as we can see, nothing to mislead defendant, nor to stifle inquiry, nor which should operate as an estoppel upon the plaintiff.

But the point mainly relied upon is that the mortgage is void, because it does not show the amount it is given to secure.

If the mortgage had recited that it was given to secure so much of six notes amounting to $2,200, as should remain 2. MORTGAGE: unsatisfied after exhausting a certain mortgage certainty of amount. executed to secure the same by Isaac L. Graves to William Graves, it would, most likely be conceded, that the mortgage was sufficient. But this is what is in effect done. Reference is made to the Isaac L. Graves mortgage not only by date, but by the volume and page of the records upon which it is recorded, and it is declared that the mortgage in question shall be void, upon the full payment of the notes described in that mortgage, according to their terms.

The effect of this reference is just the same as though the mortgage and the notes it secures had been incorporated into, and made a part of the one in question. The mortgage furnishes ready means of ascertaining the exact amount it is intended to secure. It is only necessary that a mortgage should furnish a junior creditor the means, by the inspection of the record, and by common prudence and ordinary diligence, of ascertaining the extent of the incumbrance. 4 Kent's Commentaries, page 176.

Finding such a mortgage as the one in question upon record, the exercise of the most ordinary care and prudence should have suggested to one intending to purchase the property, the propriety of procuring a transcript of the record in Dodge county, Wisconsin, which would have furnished certain information of the amount intended to be secured.

The mortgage sued on was on record when defendant purchased. It declared that it was given to secure R. S. Russell. It pointed to the records of Dodge county, Wisconsin, and said in volume 22, page 7, of that record you will find full information of the amount secured.

Defendant had not only constructive notice, but knowledge in fact of this mortgage. He wrote to the plaintiff, and learned that the Wisconsin mortgage was in suit, and that plaintiff did not know how much he might eventually claim on the mortgage in suit; and then, without further investigation or inquiry he purchased the property at sheriff's sale, and now he claims that the mortgage is as to him void. The defendant cannot be regarded as an innocent purchaser without notice. See *Crane v. Deming*, 7 Conn., 387, (295;) *Stoughton v. Pasco*, 5 Conn., 442.

AFFIRMED.