DISQUE v. WRIGHT ET AL.

1. **Mortgage:** OMISSION OF NAME: NOTICE. The record of a mortgage from which the name of the mortgagee is omitted does not charge a subsequent purchaser with notice thereof.

2. ——: NOTICE: FACTS ALIUNDE. The record of the instrument, to impart constructive notice, must be of such character that the rights conveyed may be ascertained from the instrument itself, without reference to other facts or instruments.

*Appeal from Des Moines District Court.*

TUESDAY, DECEMBER 3.

THIS is an action upon a note, and for the foreclosure of a mortgage in the following form: "For consideration of one thousand dollars, Emma C. and E. G. Wright sell and convey unto * * * lot numbered twenty-five, etc., in Carpen-

Disque v. Wright.

ter's amended addition to the city of Burlington, to be void on condition that Wright will pay his note for one thousand dollars, payable to Julia Disque or order." The petition alleges that by oversight and mistake in the draughtsman the number of the block in which said lot is situated was omitted; that said lot is in block four in Carpenter's amended addition; that on May 25, 1875, E. G. and Emma C. Wright, the mortgagors, to cheat and defraud plaintiff, conveyed lot twenty-five, in block four, to Samuel Hunt; that plaintiff's mortgage was duly recorded and indexed, and Hunt took his deed with full knowledge and notice of plaintiff's claim. The plaintiff asks that the mortgage may be corrected, and "block four" inserted, and that Hunt's deed be declared void.

Hunt answered, alleging that he bought lot twenty-five in block four, in Carpenter's amended addition, for a valuable consideration, in good faith, without actual or constructive knowledge of plaintiff's mortgage, and that it was no lien on said property.

The court rendered judgment for the amount of the note, decided that the mortgage be corrected as prayed, and foreclosed it against all the defendants.

The defendant Hunt appeals.

*Hall & Baldwin*, for appellant.

*George Robertson*, for appellee.

Day, J.—The evidence shows the following facts: The mortgage omits the block in which the lot is situated, and is blank as to the name of the grantee, as shown in the foregoing statement. Carpenter's amended addition to the city of Burlington, as shown by the plat, consists of five blocks, numbered from one to five, inclusive: Block one has lots numbered from 1 to 22, inclusive; block two has lots numbered from 1 to 36, inclusive; block three has lots numbered from 1 to 38, inclusive; block four has lots numbered from 1 to 33, inclusive; block five has lots numbered from 1 to 2, inclusive.

Across the face of blocks 2 and 3 on the plat is written the words: "Vacated. See deed book 44, page 53." In deed book 44, page 53, is a vacation deed in due form, filed May 8, 1873, vacating all the lots in blocks 2 and 3. It is conceded that Samuel Hunt had no knowledge of a mortgage, except what is imparted in the record by construction, and had no actual knowledge of that, and that when he purchased lot 25 he paid full value and consideration therefor. It is also conceded that the index of the mortgage in the recorder's office shows that the mortgage was made to Julia Disque, plaintiff, and was filed November 8, 1873, for record, and that the description of the property in the index is the same as in the mortgage.

Did the record of the mortgage in question impart constructive notice to Hunt, the subsequent purchaser?

I. The mortgage, when executed, was and now is blank as to the name of the mortgagee. The question in this case is not as to whether there might be an implied authority between the mortgagor and the mortgagee to fill up the blank and make the instrument complete. The question is as to the effect of the record of the instrument, in its imperfect condition, as constructive notice to a subsequent purchaser of the property. It has been frequently held that slight omissions in the acknowledgment of a deed destroy the effect of the record as constructive notice. A fortiori, it seems to us, should so important and vital an omission as that of the name of the grantee have that effect. The case of *Chauncey v. Arnold*, 24 N. Y., 330, is in point. In that case it was held that an instrument in the form of a mortgage, but containing the name of no mortgagee, did not become effectual by delivery to one who advanced money upon it, the blank not having been filled at the time of suit. The authorities cited by appellee do not seem to sustain the position contended for.

1. MORTGAGE: omission of name: notice.

II. The defect in the description of the deed is also, we

Disque v. Wright.

think, fatal to the effect of the record as constructive notice.

2. ——— · notice; facts aliunde. It is claimed by appellee that if Hunt, seeing the record, had examined the plat of Carpenter's amended addition to Burlington, he would have discovered that it consists of five blocks; that in two of these there is no lot 25; that two of the others had been duly vacated, and that the only lot which could have been referred to in the deed is lot 25, in block 4; but there was nothing on the face of the record to suggest or stimulate such examination. Lots are sometimes described by number, without the designation of any block. If Hunt had seen this record he would have been justified in concluding that this case was of that character. "The rights conveyed by a conveyance are, as to subsequent purchasers without notice, to be determined by the instrument itself, as recorded, and not by facts *in pais*, or other instrument not recorded." *Miller v. Ware*, 31 Iowa, 524. There is a class of cases which hold that when an imperfect or inaccurate index is of such a character as should lead a prudent person to examine the record, he is affected with notice of what the record would have imparted. *Bostwick v. Powers*, 12 Iowa, 456; *Calvin v. Bowman*, 10 Iowa, 529; *Jones v. Berkshire*, 15 Iowa, 248.

In such cases knowledge of the true state of the title is imparted by the record itself, and not by facts *aliunde*. Such cases differ in principle from the present case. The court erred, we think, in enforcing the mortgage against the defendant Hunt.

REVERSED.