## FETES v. O'LAUGHLIN ET AL.

1. **Mortgage:** OMISSION TO STATE AMOUNT OF NOTE SECURED THEREBY
   EFFECT OF: NOTICE.   All written instruments referred to in deeds and
   contracts, with sufficient explicitness to identify them, are to be re-
   garded as so far constituting a part of such deeds and contracts as to be
   read with them in order to determine their terms and conditions.   Ac-
   cordingly, where a mortgage failed to recite the amount of the note
   secured thereby, but referred to the note by its date, the names of the
   maker and payee, the date of its maturity, the rate of interest provided
   for and the time it became payable, *held* that this was sufficient to
   identify the note, and that the recording of the mortgage gave notice
   to a subsequent mortgagee of the existence of the lien and the amount
   thereof.   See authorities collated by Beck, J.

*Appeal from Washington Circuit Court.*

FRIDAY, DECEMBER 14.

ACTION in chancery to foreclose a mortgage.   There was
a decree granting the relief prayed for by plaintiff.   The
defendant, Scofield, alone appeals.   The facts of the case
appear in the opinion.

*H. & W. Scofield*, for appellent.

*J. F. Brown* and *A. H. Patterson & Sons*, for appellees.

BECK, J.—I.   The controversy in the case arises between
defendant, H. Scofield, who claims title to the land under
foreclosure of a junior mortgage, and the plaintiff and the
other defendants.   The mortgage which plaintiff seeks to
foreclose was duly recorded prior to the mortgage under
which Scofield claims title, and is sufficient in all respects,
unless it be invalid upon the ground that it omits to recite
the amount of the note which it is given to secure.   The
omission occurs in the manner shown by the following quota-
tions from the mortgage.   After the granting part of the
mortgage, its condition is expressed in the following lan-

Fetes v. O'Laughlin et al.

guage: "The foregoing conveyance is on the conditions following, to wit: The said William O'Laughlin has executed and delivered to the said Peter Fetes his promissory note for the sum of ——————— dollars, dated the twenty-sixth day of June, 1876, payable two years after date, with ten per cent interest, payable annually. Now, if the said William O'Laughlin shall well and truly pay to said Peter Fetes, or his assignees, the full amount of said note above specified as the same becomes due, then the above to be void, otherwise to be and remain in full force." The mortgage recites the consideration of the conveyance to be $350.

II. The defendant, Scofield, insists that the registry of the mortgage, on account of its omission to show the amount of the note, did not impart notice to him as a claimant under the junior mortgage. This position presents the only question that need be determined in the case.

The defect in the mortgage consists in the omission, through mistake probably, to state the amount of the promissory note secured by the conveyance. If such omission does not affect the validity of the instrument, the fact that it occurred through mistake cannot, of course, defeat the instrument.

A mortgage given as security for the payment of money operates to secure the debt contemplated by the parties, and will remain valid as long as the debt remains unpaid. This is so, even if there be changes in the note given by the debtor to the creditor, by the cancellation of the note first given and the execution of a new one. So the mortgage will secure the increase of the debt by interest. As long as the debt remains unpaid the mortgage is valid. The amount of the debt need not be shown upon the face of the mortgage, if reference be made to other evidence thereof from which the true amount of the debt may be determined. Were the rule otherwise, the increase of the debt by interest, or its diminution by payments, would affect the validity of the instrument. The true amount of the debt secured can-

not always be discovered from the mortgage, however accurately the note may be described therein. But if there be such a reference to the note and the party executing it as will direct inquiry which will lead to the discovery of the amount of the debt, the mortgage is regarded as valid.

It is a familiar rule of the law that all written instruments referred to in deeds and contracts, with sufficient explicitness to identify them, are to be regarded as so far constituting a part of such deeds and contracts as to be read with them, in order to determine their terms and conditions. In the case before us, the note secured by the mortgage is referred to by its date, the name of the maker, the day of its maturity, the rate of interest provided for, and the time it becomes payable. Surely this reference is sufficient to identify the note and authorize it to be read in order to determine the terms of the mortgage. The record of the mortgage imparted notice to defendant that the amount of the note was to be determined by that instrument itself, to which reference was made. These conclusions are supported by the following cases: *Kellogg v. Frazier*, 40 Iowa, 502; *Clark v. Hyman*, 55 Id., 14; *Burne v. Littlefield*, 29 Me., 302; *Ricketson v. Richardson*, 19 Cal., 330; *Gill v. Pinney's Adm'r*, 12 Ohio St., 38; *Tousley v. Tousley*, 5 Id., 78; *Hurd v. Robinson*, 11 Id., 232; *Babcock v. Lisk*, 57 Ill., 327; *Booth v. Barnum*, 9 Conn., 286; *Stoughton v. Pasco*, 5 Id., 442; s. c., 13 Am. Decisions, p. 72. See also *Michigan Ins. Co. v. Brown*, 11 Mich., 266, and *Webb v. Stone*, 24 N. H., 282.

III. The following cases cited by counsel for defendant fail to support their position that the omission of the amount of the note in the mortgage invalidates it.

In *Disque v. Wright*, 49 Iowa, 538, the name of the mortgagee was omitted from the mortgage. In *Frost v. Beekman*, 1 Johns. Ch., 288, the mortgage as registered showed the debt to be $300 instead of $3,000, the true amount. It was held to be notice to a subsequent purchaser of indebtedness to the extent of $300, and no more. *Herman v. Dem-*

*ing*, 44 Conn., 124, relates to the sufficiency of the descrip-
tion of the mortgaged premises. The mortgage in *Chauncy
v. Arnold*, 24 N. Y., 330, as in *Disque v. Wright, supra*,
did not contain the name of the mortgagee. In *Whittaker
v. Fuller*, 5 Minn., 508, it is held that the interest pre-
scribed by statute should be allowed upon the debt secured
by the mortgage, when the instrument did not specify a
higher rate named in the notes. The case is in conflict with
the decisions above cited, and especially with *Ricketson v.
Richardson, supra*. The facts upon which *Truscott et al. v.
King*, 6 N. Y., (2 Sel.,) 147 and *Peck, Adm'r, v. Mallams*,
10 N. Y., 509, were decided, distinguish these decisions from
the case at bar.

It is our conclusion that the record of the mortgage in
this case imparted notice of the amount of the debt for
which it was given as security, and that it is a lien prior to
the mortgage under which defendant claims title to the land.

AFFIRMED.