## HINRICKS v. BRADY.

Where the record of a mortgage described the notes to secure which the mortgage was given, and specified the rate of interest which they ordinarily drew, a purchaser of the mortgaged premises was bound by a provision of the notes that they should draw increased interest after maturity, and that overdue interest payments should also draw increased interest, though this provision was not mentioned in the record.

A real estate broker contracted for his principal to purchase land for a certain amount and assume the incumbrances as part of the consideration. The record of a mortgage on the land, while showing the rate of interest ordinarily borne by the notes secured by the mortgage, did not show that past-due notes and installments of interest bore an increased rate of interest. The broker did not ascertain this fact, and overpaid the vendor in consequence. **Held,** that the broker was guilty of negligence, rendering him liable for the overpayment.

A real estate broker in behalf of his principal made a contract to purchase land and assume all liens thereon as part of the consideration, but failed to learn of certain unpaid taxes, and so overpaid the vendor. In an action by the principal against the broker to recover such overpayment it was shown that the land had been sold for these taxes and redeemed by the plaintiff, but the certificates of redemption mislaid. **Held**, that as the taxes were prima facie legal, and their validity not disputed by the vendor, plaintiff's failure to prove by the records relating to the assessment that the taxes had been legally assessed did not prevent a recovery.

(Opinion filed, July 11, 1906.)

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by H. W. Hinricks against Thomas Brady. From a judgment for plaintiff, defendant appeals. Affirmed.

*Joe Kirby*, for appellant. *James Brown*, for respondent.

CORSON, J. This is an appeal from a judgment entered upon a directed verdict and an order denying a new trial. The action was instituted by the plaintiff to recover of the defendant the sum of $807.90 for damages alleged to have been sustained by him by the negligence of the defendant while acting as his broker in the exchange of a tract of land owned by the plaintiff in Brule county for a tract of land owned by one La Bean in Lincoln county. It appears from the complaint that the plaintiff was the owner of a half section of land in Brule county valued, free from incumbrances, at $6,400, which was exchanged by the plaintiff, through the defendant as his broker, to Flora La Bean for a tract of land in Lincoln county valued at $16,000, free from incumbrances, but upon which there was at the time a certain mortgage for $6,850 and certain taxes unpaid. This mortgage was recorded, and in the record and the mortgage itself it is specified that the same bore interest at the rate of 6 per cent. per annum, which mortgage and taxes plaintiff assumed as a part of the purchase price of the said Lincoln county property. It is further alleged that by reason of the negligence of the defendant, as such broker, in not ascertaining the fact that the note secured by the mortgage drew interest at the rate of 12 per cent. after due, and that the unpaid interest thereon was to draw interest at the rate of 12 per cent. after due, the plain-

tiff has been compelled to pay, in order to release said mortgage and satisfy said taxes, the sum of $807.90 over and above the amount paid by him at the time of closing up such transaction, and in addition to the amount then paid under the computation made of the amount actually due at that time by the defendant. The defendant in his answer admitted that he assisted in the exchange of the properties described in the complaint, that the plaintiff was the owner of the Brule county land, and that La Bean was the owner of the Lincoln county land described in the complaint, but denied all the other allegations of the same. The facts, substantially as alleged in the complaint, were proven on the trial by uncontradicted evidence, and the defendant at the conclusion of the evidence moved for the direction of a verdict in his favor, which was denied, and thereupon the plaintiff moved for the direction of a verdict in his favor. The motion of the plaintiff was granted. It appears from the evidence that the defendant was a banker in Worthing, Lincoln county, and was also engaged in the real estate business; that while acting as the agent of the plaintiff at his own request he negotiated an exchange of the plainiff's property for the Lincoln county property, and the plaintiff, relying upon the said defendant and at the request of the said defendant, in addition to assuming the mortgage and taxes before mentioned, and the transfer of the Brule county land, forwarded to the defendant a draft for $1,700, which defendant paid over to the owner of the Lincoln county land, he assuming that the interest on the note and mortgage given on the Lincoln county property was for only 6 per cent., as appeared by the record thereof, while by the note itself the maker had stipulated to pay, as before stated, 12 per cent. interest on the principal, and 12 per cent. on the interest after due, and as the note had been a long time past due, as well as certain interest thereon, there was in fact due upon the note at the time the amount of about $660, that plaintiff was subsequently compelled to pay.

It is contended by the appellant that he had a right to rely upon the statement as to the interest the note bore, made in the mortgage and the record thereof, and that the plaintiff was not bound to pay any sum in excess of the amount thus shown to be due, and if he paid the same it was a voluntary payment on his

part for which the defendant was not liable, and that in any event there was no negligence on his part in relying upon the record. It is contended by the respondent that under his agreement to assume the indebtedness of the mortgagor he was bound to pay whatever sum was at the time actually due upon the note by its terms not inconsistent with the record, and that it was the duty of the defendant as his agent to have ascertained the true amount due upon the note at the time the transaction was closed, and, having failed so to do, he was guilty of negligence in the management of the business of such agent, and liable for the amount the plaintiff was compelled to pay in order to discharge the mortgage and taxes. We are inclined to take the view that the plaintiff is right in his contention, and that, the facts being practically undisputed, the court properly directed a verdict in favor of the plaintiff. It will be observed that there is no question as to the amount specified in the note, and that so far as the record stated the interest it was stated correctly, as the note before maturity was drawn to bear 6 per cent. interest only, and in our opinion it was not necessary that the mortgage as recorded should specify that the notes after due and the accrued interest should thereafter draw interest at the rate of 12 per cent. per annum in order to entitle the mortgagee to recover the same as against the subsequent purchaser or incumbrancer. The note having been properly described, and its ordinary rate of interest and time of payment specified, the note was fully identified, and the sources of information for ascertaining the amount due upon the note were clearly contained in the record. It was the duty, of the agent, therefore, who has assumed to act as the broker of the plaintiff in the transaction for a consideration of $640 ,as appears by the evidence, to have ascertained from the proper parties the amount actually due upon the note by the terms thereof before closing the transaction for the exchange of the properties.

The question here presented was so fully and ably discussed by the Supreme Court of California, in Ricketson v. Richardson et al., 19 Cal. 330, that we feel justified in quoting quite largely from that opinion: "It is true the mortgage does not describe, or profess to describe with exactness, debts secured by it. It de-

scribes the notes, except as to the rate of interest, and provides that, on default of payment of the sums mentioned, with interest at their maturity, then, the mortgagee may sell the mortgaged premises. It is not necessary that literal exactness should be used in describing the indebtedness in a mortgage security, if the description be correct as far as it goes, and if enough be said to direct the attention of the parties dealing with the property to sources of correct and full information, provided that these persons be not deceived, or subject to be misled, by the language used. It is true it had been held in some cases that where a note is described in a mortgage, as it is made or recorded, as a note for a given sum, the mortgagee cannot set up, as against a subsequent purchaser or mortgagee, a different and larger debt, for the plain reason that a party dealing with or in respect to the property from an inspection of the mortgage, contracts in reference to its terms, and cannot be supposed to know or suspect that the real fact is different from the recorded account of it. But the question here is wholly different. Here the mortgage not only asserts that the debts recited in it bear interest, but, at least inferentially, that they bear a conventional rate of interest; for the mortgage provides for the payment of the interest accruing at the time of the maturity of the debts, and there would be no interest due then by the mere force of the law, unless it had been expressly agreed that the notes should bear interest before they were due. Now, there is no intendment, under such laws as ours, that, when interest is the subject of stipulation, any particular rate is agreed on. If there were any such presumption, probably the inference would be that the interest so agreed on was the usual rate prevailing at the place of contract. When it was seen that the notes were to bear, and did bear, interest, and that the property was pledged for the principal and that interest, and the names of the payees, the dates, etc., were given, it became the duty of a subsequent incumbrancer to inquire into the facts and ascertain them. A mortgage may be given to secure future advances, and of course, the amount cannot be inserted in the mortgage; and yet all such mortgages would be invalid according to the argument which would maintain the invalidity of this, viz., that the exact amount of the indebtedness was not shown upon the

face of the paper itself. So if a mortgage were made as indemnity against contingent liabilities."

A similar view seems to have been taken by the Supreme Court of Iowa in the case of Fetes v. O'Laughlin, 62 Iowa, 532, 17 N. W. 764, in which that court, in discussing the subject, says: "The defect in the mortgage consists in the omission, through mistake, probably, to state the amount of the promissory note secured by the conveyance. If such omission does not affect the validity of the instrument, the fact that it occurred through mistake cannot, of course, defeat the instrument. A mortgage given as security for the payment of money operates to secure the debt contemplated by the parties, and will remain valid as long as the debt remains unpaid. This is so, even if there be changes in the note given by the debtor to the creditor, by the cancellation of the note first given and the execution of a new one. So the mortgage will secure the increase of the debt by interest. As long as the debt remains unpaid the mortgage is valid. The amount of the debt need not, therefore, be shown upon the face of the mortgage, if reference be made to other evidence thereof, from which the true amount of the debt may be determined. Were the rule otherwise, the increase of debt by interest, or its diminution by payments, would affect the validity of the instrument. The true amount of the debt secured cannot always be discovered from the mortgage, however accurately the note may be described therein. But, if there be such a reference to the note and the party executing it as will direct inquiry which will lead to the discovery of the amount of the debt, the mortgage is regarded as valid. It is a familiar rule of the law that all instruments referred to in deeds and contracts, with sufficient explicitness to identify them, are to be regarded as so far constituting a part of such deeds and contracts as to be read with them, in order to determine their terms and conditions. In the case before us the note secured by the mortgage is referred to by its date, the name of the maker, the day of its maturity, the rate of interest provided for, and the time it becomes payable. · Surely this reference is sufficient to identify the note and authorize it to be read in order to determine the terms of the mortgage. The record of the mortgage imparted notice to defendant that the amount of the note

was to be determined by that instrument itself, to which reference was made. These conclusions are supported by the following cases: Kellogg v. Frazier, 40 Iowa, 502; Clark v. Hyman, 55 Iowa, 14,. 7 N. W. 386; Bourne v. Littlefield, 29 Me. 302; Ricketson v. Richardson, 19 Cal. 330; Gill v. Pinney's Adm'r, 12 Ohio St. 38; Tousley v. Tousley, 5 Ohio St. 78; Hurd v. Robinson, 11 Ohio St. 232; Babcock v. Lisk, 57 Ill. 327; Booth v. Barnum, 9 Conn. 286, 23 Am. Dec. 339; Stoughton v. Pasco, 5 Conn. 442, 13 Am. Dec. 72. See, also, Michigan Ins. Co. v. Brown, 11 Mich. 266, and Webb v. Stone, 24 N. H. 282."

The views expressed by these courts meet with our approval,. and are supported, in our opinion, by the great weight of authority, although counsel for appellant has called our attention to a few decisions holding the contrary view. It is further contended by the appellant that there was no negligence or carelessness on the part of the defendant in omitting to ascertain and deduct from the sum of $1,700 so forwarded to him by the plaintiff at his request the amount of taxes, which was a lien on the property, and the said excess of interest; but this contention on the part of the appellant is clearly untenable. The appellant having assumed to transact the business as the agent of the plaintiff, and the plaintiff having relied on him to ascerain the actual amount of the liens against the La Bean property, it was his duty to ascerain the amount of such liens and to pay over to Mrs. La Bean only the actual amount coming to her, afer deducting such liens and incumbrances; and as we have seen he was not authorized to rely solely upon the statement of the amount due on the mortgage, contained in the recorded mortgage, but he was required as such agent to ascertain the amount due from the interested parties, and, failing to do this, he was guilty of negligence and carelessness in conducting the business as such agent. In discussing the liability of an agent to his principal, Mr. Mechem, in his work on Agency (section 490), says: "It is the duty of every agent to bring to the performance of his undertaking, and to exercise in such performance, that degree of skill, care, and diligence which the nature of the undertaking, and the time, place, and circumstances of the performance justly and reasonably demand. A failure to do this, whereby the principal

suffers loss or injury, constitutes negligence for which the agent is responsible."

It is further contended by the appellant that there was no proof that the taxes claimed to be due on the property and paid by the plaintiff were legally assessed, but this contention is clearly untenable. It clearly appeared from the evidence of the plaintiff that the property had been sold for taxes, and that in order to redeem the same he was compelled to pay the sum of about $141 to redeem the same, though the certificate of redemption had been lost or mislaid by the plaintiff and he was unable to produce the same at the trial. The appellant in one of his letters to the plaintiff relating to the transaction, stated that there was about $80 due for taxes, and it is clear, therefore, that he knew of the existence of the lien of the taxes prior to the closing up of the transaction; but, notwithstanding this knowledge, he paid over the full amount of the $1,700 to Mrs. La Bean without deducting any sum therefrom for the taxes then due upon the property. The contention that the plaintiff failed to prove by competent evidence that the taxes had been legally assessed, by producing the records relating to the assessment, is clearly untenable. The taxes were prima facie legal and a lien upon the property, and so far as the record discloses were not questioned by Mrs. Le Bean. The plaintiff, under his agreement, had assumed to pay all liens upon the property, and deduct the amount so paid from the amount coming to Mrs. La Bean. No evidence was offered on the part of the appellant justifying or excusing his failure to deduct from the amount due Mrs. La Bean the amount of taxes and excess of interest which the plaintiff has been compelled to pay. The court, therefore, was clearly right in directing a verdict for the plaintiff for the extra amount of the payments he was required to make in order to free the property from liens and incumbrances caused by the negligence and carelessness of the defendant.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.