## TUPPLE v. VIERS AND NICHOLS.

1. VENDOR'S FORECLOSURE. The vendor of real estate may, upon the maturity of a portion of the debt of the vendee for the purchase money, if it remains unpaid, file his petition, asking the court to require the vendee to perform his contract, or to foreclose and sell his interest in the property. Rev. 1860, §§ 3671, 3672.

*Appeal from Clinton District Court.*

THURSDAY, APRIL 9.

THE facts are stated in the opinion of the court.

*Rich & Fletcher* for the appellant.

No appearance for the appellee.

LOWE, J.—The foreclosure of a title bond by the vendor, and for the correction of certain mistakes in the execution of the notes and bonds.

The petition states, that in April, 1855, the plaintiff sold certain tracts of land therein described to one Henry Vaughn, according to the tenor of certain notes, and a bond which had been executed and delivered between the parties. About one year thereafter Vaughn contracted to sell said lands to the defendant Viers, whereupon Viers and the plaintiff entered into an agreement with reference to the same, whereby the said Viers executed and delivered to plaintiff his eight promissory notes, dated on the 15th of April, 1856, payable on the 16th day of March, 1858, '59, '60, '61, '62, '63, '64, '65, amounting in the aggregate to $2,624.60. Copies of said notes and title bond are annexed to the petition, and made a part of the same. It is stated in the bond that the aggregate amount of the consideration of the purchase was $2,262.50, whereas the notes filed as exhibits show the amount in fact to be the said sum of $2,624.60. Again, the notes fail to disclose what interest they are to

draw after due; but the bond stipulates that they are to draw ten per cent after maturity. These discrepancies and errors apparent upon the face of the exhibits, the petitioner asks may be corrected according to the manifest intention of the parties, and prays for a judgment of foreclosure on the first four notes which had matured, together with the accruing interest thereon. The defense interposed consists in, and is limited to, a demurrer, to the effect that the plaintiff has a complete remedy at law. Secondly, that he cannot resort to this remedy until the last note of the series shall mature. Thirdly, that the petition contains no allegation of a refusal to pay; and lastly, that there is a discrepancy between the notes and bond. This last objection is fully stated and admitted in the petition, and asked to be rectified. The third is untrue in fact, and the two first objections are met and adequately answered by §§ 3671, 3672 of the Revision of 1860.

It is further objected that the decree or judgment for the first four notes is greatly in excess of the true amount. This objection is clearly well taken, and the judgment will accordingly be modified and reduced to the sum of $1,833.18. In other respects it will be affirmed at the cost of appellees.

Affirmed.