McDOWELL, Administratrix, v. LLOYD.

1. Mortgage: FORECLOSURE. A foreclosure is a statutory proceeding, to which the court will apply the principles of both law and equity.

2. —— EQUITY JURISDICTION. The rule, that a court of equity, having once acquired jurisdiction, will retain it until the controversy is finished, and complete justice done between the parties, applies to the foreclosure of a mortgage given to secure a debt payable by installments.

3. —— SALE FOR INSTALLMENTS DUE: DISPOSITION OF SURPLUS. *Semble*, that where mortgaged land which is indivisible is sold under foreclosure for an installment due, and for a larger amount than the same, that the

court will retain custody of the surplus, and have it applied on the unpaid installments as they fall due.

4. —— FORECLOSURE FOR INSTALLMENTS. Where proceedings are commenced to foreclose a mortgage given to secure a debt payable by installments, a decree may be rendered for the installments due, and the court retain jurisdiction of the cause until the whole debt falls due, and then order a decree for the same

*Appeal from Mills District Court.*

TUESDAY, JULY 2.

ON the 3d of February, 1865, defendant made his three promissory notes to Parcus Harbert, then in life, now deceased—one note for $500, payable September 1, 1865; another for $750, payable January 1, 1866; and still another for $750, payable January 1, 1867—all secured by mortgage on certain lands therein described, to foreclose which, this suit is brought by Mary Ann McDowell, late Mary Ann Harbert, administratrix. The prayer of the petition is, that a decree of foreclosure be granted on the two notes now due, as also a decree of foreclosure on the third or last note when the same shall become due. At the November term, 1866, of the District Court of Mills county, a decree of foreclosure was rendered, by default, on the two first notes above described, and a special execution awarded thereon, and it was ordered that the cause stand continued as to the third note not due. At the February Term next, 1867, defendant filed a demurrer to the petition as to said last note, to the effect that it stated facts which avoided the action, in this, namely : that it showed that the money was not due on said note when the suit was brought. The court overruled the demurrer, and rendered a decree of foreclosure agreeably to the prayer of the petition. Defendant appeals.

VOL. XXII.—57

*Dews & Watkins* for the appellant.

*Clinton & Sapp* for the appellee.

LOWE, Ch. J.—A foreclosure is a statutory proceeding to which the court will apply the principles of both law **1. MORTGAGE:** and equity jurisdiction. *Kramer* v. *Rebman*, foreclosure. 9 Iowa, 114; *Tomlinson* v. *Funston*, 1 Green., 545. A court of equity having acquired jurisdiction over the subject-matter for one purpose, may be invested with jurisdiction for other purposes, so as to secure complete equity and justice between the parties. *Franklin Ins. Co.* v. *McCrea*, 4 Green., 229.

It is a principle of chancery practice, often recognized and acted upon, that when the court once obtains juris- **2. —— equity** diction over the parties and the cause, it will jurisdiction. retain the same until the controversy be finished. The importance of this rule of chancery practice, may be and is sometimes illustrated in the foreclosure of a mortgage, which has been given to secure a debt payable by installments.

It is conceded that when the first installment falls due, a foreclosure as to that may be had, and the mortgage **3. —— sale for** premises sold, or so much thereof as may be installments due: disposi- necessary to pay the same. If the property tion of sur- plus. should be indivisible, as is often the case, and the whole of the mortgage premises sold, leaving a balance in the officer's hands after satisfying the first installment, what is to become of this balance? To pay it over to the mortgagor would be manifestly unjust, for the reason that it takes from the mortgagee the security which he is rightfully entitled to for the unpaid portion of his claim, and in doing so he would be injured, rather than benefited, by the foreclosure. It would seem there is but one alternative in cases of this kind, in order to

McDowell v. Lloyd.

reach the ends of justice, and that is for the court to retain the custody of the money, and have it applied on the unpaid installments as they fall due.

If so, why not, having obtained jurisdiction, retain the same over the parties and cause until the whole debt falls

4. —— foreclosure for installments.

due, that a foreclosure may be ordered, if the same is not paid; especially when this is asked to be done in the petition, as in this case? So far from such a practice prejudicing the mortgagor it would save him costs, and at the same time advance the remedy. This rule of practice is not new with some courts. In the cases of *Clark* v. *Abbott* (1 Maddock Ch., 474); *Massina* v. *Bartlet* (8 Porter, 284); *Smalley* v. *Martin* (1 Clark, 293); *Adams* v. *Essex* (1 Bibb., 149), it was recognized and acted upon.

In the last named case the court remarked : The chancellor, having once jurisdiction of the cause, ought not to turn the parties round at the hearing, to begin *de novo*, but should go on and finish the controversy. The last installment became due before the cause was heard, so that the chancellor might well, as he has done, embrace the whole case in one decree. In the case at bar, at the November Term, 1866, a foreclosure was taken upon the two installments, and when the suit was commenced, on the 1st of January following, the third installment fell due, being in time for the plaintiff to have commenced a new suit and to have had a foreclosure at the next February Term. Instead of requiring him to do this, the court held and continued its jurisdiction in the premises till the February Term succeeding, in order to give to the plaintiff a decree or judgment on the last payment of his claim against the defendant. In doing so, the defendant suffered no prejudice and lost no extension of time thereby, for the plaintiff, by an original suit, could have got a foreclosure at the same term, but with increased cost to the defendant, so that, in fact, there is nothing in reason

or principle against the adoption of such a rule of practice, and we are inclined to uphold the action of the court in overruling the demurrer, and accordingly will affirm the same.

Affirmed.