## HARRISON v. COLTON.

1. **Contract: SUNDAY CONTRACT.** A contract void because entered into on Sunday does not prevent the parties from making a valid contract with reference to the same subject-matter on a subsequent week-day; nor, *it seems*, from otherwise ratifying the original contract.

2. **Amendment: DISCRETION.** The action of the court below, in allowing an amendment without imposing terms, will not be disturbed, unless it is shown that there has been an abuse of the discretion confided to the court in such cases.

*Appeal from Louisa District Court.*

FRIDAY, JANUARY 27.

ACTION on an alleged contract for the sale of hogs. Judgment for plaintiff. Defendant appeals. The necessary facts are stated in the opinion.

*Cloud & Broomhall* and *McJunkin & Henderson* for the appellants.

*D. N. Sprague* and *Henry O'Connor* for the appellees.

DAY, Ch. J.—I. Evidence was introduced upon the trial, tending to show that a contract for the purchase of hogs was made on Sunday, and that, on a subsequent Monday, the defendant agreed that the plaintiff should have the hogs, when the plaintiff made a memorandum in his book of the number, average size, quality and price of the hogs, which was agreed to by defendant. The evidence being closed, the court, among other instructions, gave the following: "But, if some time afterward, on a day not Sunday, the parties met and agreed upon terms of the contract, and a memorandum thereof

was made and reduced to writing, which was read in the presence of the parties and assented to by them, then this would be a valid contract." The giving of this instruction is assigned as error. This instruction contains the law, or its converse does. If the instruction given is incorrect, it follows that, if a contract with reference to a given subject-matter be made on Sunday, no valid contract between the same parties, with reference to the same subject-matter, can subsequently be made upon a week-day. To state this proposition is to refute it. In Story on Contracts, section 619, it is said that any ratification of a contract on a week-day, such as a new promise to pay, a refusal to rescind on demand made, a partial payment and the like, would render the contract binding, though originally made on Sunday. There was no error in giving the instruction. The abstract of the record does not contain the instructions asked by defendant and refused. The error assigned upon the refusal to give them cannot, therefore, be considered.

II. After the evidence was closed, and plaintiff's opening argument was finished, the court, against the objections of the defendant, allowed plaintiff to file an amendment to his petition. It is claimed that the court erred in allowing plaintiff to amend his petition without imposing terms, and granting a continuance of the case.

2. AMENDMENT: discretion.

1. The amendment is to be allowed on such terms as may be proper. Rev., § 2977. What terms are proper rests within the discretion of the court trying the cause, which this court will not review unless an abuse of discretion be shown. And an amendment without costs is an amendment upon such terms as may be proper. *Cayuga Bank* v. *Warden*, 2 Seld. 27.

2. Section 2979 of the Revision provides that " when either party shall amend any pleading or proceeding the case shall not be continued in consequence thereof, unless

the court shall be satisfied, by affidavit or otherwise, that the adverse party could not be ready for trial in consequence of such amendment."

The record does not show that the defendant was prejudiced by the amendment, nor that he asked for a continuance.

Discovering no error in the proceedings below, the judgment of the district court is

Affirmed.