# VAN HOVEN *v.* IRISH.

*(Circuit Court, D. Minnesota. January, 1882.)*

1. CONTRACT MADE ON SUNDAY—AFFIRMANCE ON A WEEK DAY.

 Affirmance on a week day of a contract of bargain and sale entered into on Sunday, and void for that reason, makes it valid.

The plaintiff and defendant, on May 8, 1880, entered into a contract for the sale and delivery of cattle, and $100 was paid the defendant on the contract. Subsequently this contract was rescinded, and another one entered into, varying somewhat in its terms, and the $100 retained by defendant as part performance. The defendant claims this latter contract was made on Sunday and is void. The plaintiff brings this action to recover damages for a failure to perform a contract alleged to have been made on July 6th, a week day, which is substantially the contract claimed by defendant to have been made on Sunday. The defendant denies that any other contract was made except the one on Sunday. The case was tried by a jury, and verdict rendered for the plaintiff. A motion for a new trial is made by the defendant.

*W. P. Warner*, for plaintiff.

*Lamprey & James*, for defendant.

NELSON, D. J. Two vital questions were submitted for the determination of the jury:

(1) Was the contract, for breach of which damages are claimed, entered into on Sunday?

(2) If the contract was entered into on Sunday, and void by the laws of Minnesota, was it afterwards reaffirmed on a week day?

The court stated to the jury "that by the laws of Minnesota contracts of a secular character, and which are not works of necessity and charity, if finally consummated on Sunday, are void, and no action can be maintained, either on the contract or for the recovery of whatever may have been done under the contract;" also, "that contracts entered into on Sunday could be reaffirmed afterwards." The case was fairly put to the jury, and the two controlling issues left for them to pass upon.

The counsel for the defendant presented several instructions and requested the court to embrace them in its charge to the jury. They were all, with two exceptions, given in the language of counsel. The language of the other two was changed so as to permit the jury

to consider and determine whether the evidence showed a reaffirmance on a week-day of the contract, in case they should find the agreement was first entered into on Sunday. The court also instructed the jury that the delivery of the cattle was evidence to be considered by them tending to show reaffirmance, as claimed by the plaintiff. Counsel in his brief states that defendant testified that the cattle were delivered under no contract. He is mistaken. The defendant testified that he delivered the cattle under a contract made Sunday, July 4th.

The Vermont supreme court and the later authorities sustain the view taken in respect of the reaffirmance of Sunday contracts, in order, as said by Judge Redfield, to secure parties from fraud and over-reaching practiced on Sunday by those who know their contracts are void and cannot be enforced. *Adams* v. *Gay*, 19 Vt. 358; *Harrison* v. *Colton*, 31 Iowa, 16. In this case the evidence showed that the quality of cattle delivered by the defendant was inferior, and not up to the average of the herd he had contracted to deliver.

If the jury had determined the contract was completed and final on Sunday, and there had been no subsequent legal reaffirmance, the law would leave the plaintiff to suffer from his own wrong, and would not aid him; but if the jury came to the conclusion from the evidence that the contract had been reaffirmed on a subsequent week day, it became valid from the date of the reaffirmance, and plaintiff was entitled to recover damages for a breach. His success in such case does not depend on his own violation of law.

The jury sustained the latter view of the case. *Durant* v. *Rhener*, 26 Minn. 362, does not touch one vital point upon which this case turned, provided the jury came to the conclusion that the contract was affirmed on a week day. In the opinion of the supreme court in that case the conclusion of the referee did not agree with his finding of facts, and the facts as he found them showed in its opinion the agreement was entered into on Sunday, and was so considered by both parties.

There was no evidence in that case tending to show a reaffirmance of the contract by the parties on a subsequent day. The evidence clearly established "the agreement for the formation of a partnership, then and there," on Sunday.

The evidence here tended to show a reaffirmance, and justified the verdict of the jury. Motion denied.