[The following opinions were retained on petitions for rehearing, and did not come into my hands in time for insertion in their chronological order.—REPORTER.]

## BURROUGHS v. ELLIS *et al.*

**Mortgage:** FORECLOSURE FOR NOTE DUE : DECREE PRESERVING LIEN AS TO THOSE NOT DUE. The petition for the foreclosure of a mortgage as to one of the notes which was due—the others not being due—recited the facts as to the notes secured by the mortgage, and gave their dates, their amount, and the time when they would become due ; and the prayer of the petition demanded a judgment for the amount due, " and foreclosure of said mortgage for amount of such judgment, and for sale of said real estate on special execution ;" and the original notice followed the prayer of the petition. The entry on the calendar was as follows : "In default ; personal service on both defendants ; judgment against defendants for amount of one note and attorney's fees, and decree of foreclosure as prayed." At the close of the decree as it was entered up it was ordered that plaintiff's lien upon said real estate for the notes not then due should be preserved. The property was sold, and redeemed by defendants' grantees, who sought to have the order preserving the lien as to notes not yet due expunged, as not being warranted by the petition and original notice, nor by the calendar entries of the judge. But *held* that such objections were not well taken, and that the order was a proper one to make in such a case.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

FILED, MAY 14, 1888.

THIS is an appeal by the plaintiff from an order made by the court below changing the record entry of a decree for a foreclosure of a mortgage upon certain real estate. The facts appear in the opinion.

( 649 )

*D. C. Bloomer*, for appellant.

*Walter I. Smith*, for appellees.

ROTHROCK, J.—The facts involved in the controversy are not the subject of dispute. It appears that the plaintiff was the holder of a mortgage given to secure the payment of several promissory notes. When one of the notes became due he commenced a suit for the foreclosure of the mortgage. No appearance nor defense was made thereto. A default was entered, and a judgment was rendered on the note that was due, and at the end of the decree it was ordered that the plaintiff's lien upon said real estate for the notes not then due should be preserved. The property was sold at sheriff's sale for the amount of the judgment. The grantees of the defendants in the foreclosure redeemed from the foreclosure sale, and, in the name of the defendants, moved the court to expunge from the record the provision preserving the mortgage lien so far as it secured the notes not due. If the ruling of the court below should be sustained, the effect would be to cut off and destroy the mortgage lien, as held in *Escher v. Simmons*, 54 Iowa, 269. But we do not think the ruling of the court on the motion can be sustained. A number of reasons are advanced by counsel for appellees in support of the ruling of the court. It is claimed that the petition for foreclosure did not authorize the reservation of a lien for the notes, and that the original notice in the action was insufficient for that purpose. We think this claim is not supported by the record. The petition recited the facts as to the notes secured by the mortgage, and gave their dates, their amount, and the time when they would become due; and the prayer of the petition demanded a judgment for the amount due, "and foreclosure of said mortgage for amount of such judgment, and for sale of said real estate on special execution." The original notice followed the prayer of the petition. We think that under this prayer for relief it would have been competent for the court to

have continued the cause as to the notes not due, in accordance with the rule in *McDowell v. Lloyd*, 22 Iowa, 448; and there ought to be no question as to the right to preserve the lien in the decree of foreclosure, and drop the case from the docket. The proceedings, so far as they affect the rights of the parties, are not different from what they would have been if the court had retained the cause on the docket until the deferred notes became due. It is true, as claimed by counsel for appellees, that a party cannot have successive foreclosures of the same mortgage lien; but this rule has no application where the right to foreclose for notes not yet due is expressly reserved by the decree of the court, and this court has never determined that this may not be done.

It is claimed that the decree as prepared and recorded was not authorized by the entry on the judge's calendar. The entry on the calendar was in these words: "In default; personal service on both defendants; judgment against defendants for amount of one note and attorney's fees, and decree of foreclosure as prayed." It appears that the record entry of the decree had not been signed by the judge when the motion to expunge part of the decree was made. It is conceded by counsel that the signature of the judge to the record is a directory provision of the law, and that the decree is operative without such signing. But it is contended that the provision in the decree reserving the lien as to the notes not due is repugnant to the petition and original notice. We have found that there is no such repugnance. It is also claimed that the reservation was not authorized by the entry of the judge upon his calendar; and that the decree may be amended at any time before it is signed by the judge. It is well understood that these minutes made by the judge are in the most general form. They are intended as a direction to the clerk in making up the record. They are never made in detail. We think there is no conflict between the minutes and the decree. We do not determine what the effect would be if there were such conflict. The

clerk was required to examine the petition or other files to determine what the plaintiff claimed, and, having done so, he was fully warranted in making the reservation contained in the decree. We think the order of the district court must be

REVERSED.