J. M. KILMER v. D. W. GALLAHER *et al.,* Appellants.

**Evidence:** EXECUTION OF DEED: *Homestead.* Husband and wife, grantors, and who signed on different days, testified that, when the wife signed a deed, it was *entirely* blank; the notary testified that the blanks were all filled; and the grantee testified that there was some writing in it, but was not positive that it was all filled. There was no claim that *some* of the blanks were then filled, and *others later.* *Held,* that the grantors did not overcome the presumption that all blanks were filled before signing and thus show that a deed to a homestead was not valid because husband and wife had failed to "concur in and sign the same joint instrument."

DEBT. Where a deed is made and a bond to reconvey given by the grantee upon payment of a stipulated sum, the debt is sufficiently proven on foreclosure of the bond by showing the making of the deed and bond to have been a method of securing the debt recited in the bond. It is not like a case where a debt is evidenced by a note secured by mortgage and the mortgage is alone introduced in evidence.

**Bonds:** CONSTRUCTION: *Interest.* A bond was to be paid, "$2,000 within two years from date; balance in annual payments, with interest, until aggregate sum is paid, together with interest." *Held,* that interest on the entire amount from date was intended.

FORECLOSURE AND SALE: *Installments not due.* Though a decree in foreclosure may preserve a lien for installments not due, yet plaintiff may not make his lien for installments not due senior to those due, and sell subject to the senior lien. He must sell sufficient only to satisfy installments due, or sell the whole, and look to the surplus to satisfy installments not due.

*Homesteads.* Where a homestead was not selected, and the answer in foreclosure did not ask to have other land exhausted first, defendants cannot complain that the decree does not so provide; Code, sections 2976, 2979, amply protecting the homestead right from sale on execution until other property is exhausted.

*Appeal from Harrison District Court.*—HON. F. R. GAYNOR, Judge.

THURSDAY, APRIL 6, 1899.

ACTION in equity to recover an amount alleged to be due on a bond for the conveyance of real estate, and for the

foreclosure of the bond.   There was a hearing on the merits
and a decree for the plaintiff.   The defendants appeal.—
*Modified* and *affirmed*.

W. H. *Killpack* for appellants.

*Roadifer & Arthur* for appellee.

ROBINSON, C. J.—At the time the transaction in contro-
versy occurred, the defendant D. W. Gallaher owned one
hundred and sixty acres of land, which he occupied, with his
wife and co-defendant, as a homestead.   The plaintiff held a
mortgage on the land, and there were other incumbrances
on it; the aggregate indebtedness for which it was liable being
five thousand nine hundred and forty-six dollars and seventy-
four cents.   After some negotiations, the defendants, in
November, 1895, executed what purports to be a warranty
deed for the land.   As a part of the transaction, the plain-
tiff assumed the indebtedness which he did not own, and gave
to Gallaher a bond for a deed, which provided for the con-
veyance of the land to the obligee upon the payment of two
thousand dollars at any time within two years from the date
of the instrument, and the remainder of the sum of five thou-
sand nine hundred and forty-six dollars and seventy-four
cents in annual payments of five hundred dollars each, with
interest at the rate of six per cent. per annum.   The plain-
tiff demands judgment for the first payment of two thousand
dollars, with interest, that his lien for the full amount of the
bond be established, and that a special execution be issued
for the sale of the land for the amount due, subject to that
portion of the indebtedness not due.   The defendants aver
that the land is their homestead, and that the instrument
which purports to convey it to the plaintiff is void, on the
alleged ground that when signed by the wife it was in blank,
and, therefore, that the husband and wife did not "concur in
and sign the same joint instrument."

I.    It is first insisted by the appellants that the plaintiff has failed to prove the alleged indebtedness. The execution of the deed and bond as a method of securing the indebtedness recited in the bond, and that Gallaher is bound by the requirements of the bond, are shown beyond question. He does not attempt to prove, nor claim, that any payment has been made on account of the indebtedness. As no note was given, it was established by the proof of the bond, as well as by other evidence. This is unlike a case where the indebtedness is evidenced by a promissory note secured by a mortgage, and the latter is alone introduced in evidence.

II.    The chief controversy is in regard to the execution of the deed. It is dated October 30,.1895, and the certificate of acknowledgment is dated on the sixteenth day of the next month. It appears that the instrument was signed by Mrs. Gallaher on the day the certificate is dated, and by her husband two days later. Both of them testify, in effect, that when signed by Mrs. Gallaher the instrument was a mere printed form for a deed, the blanks for which were wholly unfilled. It is admitted that the blanks had been filled when Gallaher executed the deed. The plaintiff testifies that he knew when Mrs. Gallaher signed it that it was a blank deed. Just what he means by that statement is not clear, for the reason that he also states that "there was some writing in it when she signed, but will not swear positively that it was all filled out when she signed it." But as both the defendants testify that there was no writing in the instrument when Mrs. Gallaher signed it, and no one claims that some of the blanks were then filled and others were filled later, the testimony of the plaintiff must be regarded as corroborating that of the notary who drew the deed and took the acknowledgments. He is a disinterested witness, and testifies positively that the blanks were filled before the deed was signed by Mrs. Gallaher. The presumption which the completed deed authorizes is that all the

blanks were filled before it was signed by either grantor. The burden was on the defendants to overcome that presumption, and we are of the opinion that they have failed to do so. The effect of the deed is precisely what the defendants intended that it should be, and there is no reason in law or equity for relieving them from the contract into which they deliberately entered.

III. It is claimed that the decree is erroneous because it does not make provision for exhausting all of the land in question, excepting the homestead, before selling that for the payment of the amount found to be due the plaintiff. The answers of the defendants do not ask for any relief of that nature. It does not appear that a homestead has ever been selected, and the statutes relating to homesteads make ample provision for the protection of the homestead right from sale on execution until other property of the judgment debtor is exhausted. Code, sections 2976, 2979. We conclude that the decree is not defective in the respect claimed.

IV. The district court allowed interest on the first payment of two thousand dollars from the date of the bond in suit. The appellants contend that interest on that payment should have been allowed only from the expiration of the period of two years from the date of the bond. The provision in regard to the payment of the amount for which the bond was given is that it shall be paid as follows: "Two thousand dollars at any time within two years from the date of this instrument (November 18, 1897); the balance in annual payments of five hundred dollars each, with interest at the rate of six per cent. per annum until the above-named principal aggregate sum is paid, together with interest, as above stated." We think that provision, fairly construed, requires the payment of interest on the entire amount for which the bond was given from its date.

V. The decree of the district court contains the following: "Plaintiff having elected to consider that portion

of his said lien above established, and which is not now due, and not in judgment herein, as paramount to that portion in judgment herein, it is adjudged and decreed by the court that said portion of said lien shall be, and the same is hereby, preserved, after sale of the above-described premises, or any part thereof, for the satisfaction of plaintiff's judgment herein, and the sale of said premises under special execution hereinafter ordered shall be subject to the portion of plaintiff's lien preserved." The appellants complain of that provision, and of another which is in harmony with it. It is a general rule that a sale of all of the mortgaged premises, under a decree of foreclosure, for a part of the mortgage debt which is due, discharges the premises from the lien of the mortgage for the part of the debt not due, and for which the decree does not provide. *Escher v. Simmons,* 54 Iowa, 269; *Poweshiek County v. Dennison,* 36 Iowa, 244. And the same rule applies to the sale of real property under an ordinary judgment for but a part of the amount due on it. *Clayton v. Ellis,* 50 Iowa, 590. See, also, *Moody v. Funk,* 82 Iowa, 1, and cases therein cited. But in actions for the foreclosure of mortgages for installments due, jurisdiction may be retained to provide for the collection of the installments not due. *McDowell v. Lloyd,* 22 Iowa, 448. That rule was recognized in the case of *Burroughs v. Ellis,* 76 Iowa, 649, in which it was also said that the right to a lien for installments not due could be preserved in the decree of foreclosure for installments due, and the case be dropped from the docket; but the decree in this case goes further, and provides that the sale it authorizes for the installment due, if made, shall be subject to a lien for the installments not due. In our opinion, that is inequitable and unauthorized. It would enable the plaintiff to bid in all of the mortgaged property for but a small part of its value, and, if that did not exceed the amount of the bid and the installments not due, to hold the decree, so far as it gives a lien for such installments, as a practical bar to a redemp-

tion by junior lienholders, if any, by Gallaher's assigns, and perhaps by Gallaher, without, however, satisfying the decree. It is evident that power to accomplish such an inequitable result should not be given, unless authorized by the contract of the parties; but that does not contain any provision in regard to the matter.　The case of *Morgan v. Kline,* 77 Iowa, 681, is cited in support of the decree.　But that merely held that the holder of several promissory notes, falling due at different times, and secured by a mortgage, might assign those which were the last to become due, and make the mortgage lien as to them senior to the lien given for the notes not transferred, and that this might be done without the assent of the mortgagor, if he was not prejudiced by the transaction.　This case differs from that, in that there has not been an assignment of any part of the indebtedness secured by the bond, and all of it is owned by the plaintiff. There is no equitable reason for making the lien for the installment due junior to the lien for the installments not due.　The case of *Burroughs v. Ellis, supra,* is also cited in support of the decree.　It may be that the application made in that case of the rule which governed it tends to sustain the decree, but the rule itself does not.　That merely authorizes a decree which forecloses a mortgage for an installment which is due, to preserve a lien for the installments not due, not to make the lien for the latter paramount to the lien for the former.　There is no injustice, in such a case, in applying the rule that a sale for the installment due exhausts the mortgage security as to the property sold.　The natural effect of the rule would be to limit the sale to so much of the property as would be required to pay the installment due, or, if the property cannot be divided advantageously, to obtain its fair value, and thus secure from its proceeds a surplus to apply on the installments not due.　The decree in question will be so far modified as to give to any sale made to satisfy the installment due the effect of dicharging the lien of the decree on the property sold, and as thus modified

the decree is affirmed. The cause is remanded to the district court for further proceedings in harmony with this opinion, including the setting aside, upon the application of the appellee, of any sale which shall have been made heretofore under the decree, and the issuing of a special execution for another sale in case a sale already made is set aside.— MODIFIED and AFFIRMED.