E. A. WITMER, Appellee, v. PATRICK D. FITZGERALD et al., Appellants.

No. 40186.

FEBRUARY 18, 1930.

*Burton Russell,* for appellants.

*White & Clarke,* for appellee.

STEVENS, J.—On July 12, 1928, appellants entered into a contract in writing with appellee for the purchase of the west 82½ feet of the south one half of Lot 12 in the town of Adel, Dallas County. The consideration agreed upon was $5,500, and was, by the terms of the contract, to be paid by the assumption by the purchaser and promise by him to pay a mortgage of $2,000, with interest, then on the property, and $40 per month on the first day of each month, commencing August 1, 1928, until the balance of the purchase price was fully paid. Notes evidencing each of the agreed monthly payments were signed and executed by the appellants. After making two or three of the monthly payments, appellants refused to proceed further, abandoned the contract, and removed from the premises. Thereupon, this action to foreclose the contract was commenced by appellee. The execution of the notes and contract was admitted by appellants in their answer, but they set up as defenses that the contract was not, in fact, signed or acknowledged by them before a notary public; that they were induced to enter into the same by certain false and fraudulent representations of appellee as to the value and condition of the house situated on the premises; and that the notes were, in fact, signed and delivered on Sunday.

The fraud pleaded consisted of alleged statements and representations of the appellee to the effect that the house was in good condition, and that it was suitable in all respects for the comfort of the family and for keeping roomers; and that, after taking possession of the property in the fall, appellants soon discovered that the second story of the house was not plastered, but that same was finished with plaster board, which did not keep out the cold, that the kitchen did not have a hot-air register, that the heating plant was so arranged that but one room on the second floor could be heated at a time, that the furnace was so defective that the house could not be comfortably heated,

and that sufficient water in the tank could not be warmed to meet the necessities of the household. Appellee denied all of the alleged representations, except the use of plaster board upstairs and the absence of a register in the kitchen. He testified that the kitchen had been previously heated by a cook stove. Appellee offered to place a hot-air register in the kitchen at his own expense, but permission to do this was denied. Testimony denying specifically all of the alleged false representations as to the condition of the furnace and the hot-water supply for the tank was offered by appellee.

A careful examination of the testimony satisfies us, without discussing the same, that the heating plant was not defective, as claimed by appellants, and that they were not induced by fraud practiced upon them by appellee to enter into the contract. The testimony of other witnesses tended to corroborate that of appellee that the house had been previously rented to roomers, and that the furnace heated the rooms in cold weather.

It will be observed that, at the time of the commencement of this action, there were but three of the series of notes due and unpaid. Many of the notes are not yet matured. If we correctly interpret appellee's petition, personal judgment is sought only upon the three matured notes. Personal judgment was, however, entered by the court against appellants for the full balance due on the purchase price, except the $2,000 mortgage, and decree of foreclosure awarding both special and general execution was awarded by the court.

It is conceded by appellee that the notes were executed on Sunday, but it is contended by him that they were delivered on Monday. The contract was delivered on Monday. The evidence  without dispute shows that they were in fact delivered to an employee of appellee's on Sunday, immediately after the signatures were affixed, and turned over to him on Monday. By way of reply, appellee sets up the subsequent ratification of the notes. This plea is fully sustained by the evidence. Appellants took possession, and claimed ownership of the premises under the contract. As stated, they paid three of the notes, and abandoned the premises only, as claimed by them, because of alleged fraudulent misrepresentations made by appellee which induced the execution of the contract. The plea

of ratification is fully sustained by the evidence. *McIntosh v. Lee*, 57 Iowa 356; *Harrison v. Colton*, 31 Iowa 16; *Bowlin Liquor Co. v. Brandenburg*, 130 Iowa 220.

The right of foreclosure by the vendor of a contract for the sale of real estate if the purchaser fails to perform his contract is conferred by Section 12382 of the Code, 1927, which is as follows:

"In cases where the vendor of real estate has given a bond or other writing to convey the same on payment of the purchase money, and such money or any part thereof remains unpaid after the day fixed for payment, whether time is or is not of the essence of the contract, the vendor may file his petition asking the court to require the purchaser to perform his contract, or to foreclose and sell his interest in the property."

The succeeding section provides that the vendee shall, in such cases, for the purposes of foreclosure, be treated as a mortgagor. The petition in this case sets out four of the series of  notes, which were all that were past due at the time the action was commenced on which personal judgment is asked. Decree of foreclosure is also prayed, upon the theory that, by a reasonable deduction on account of interest, the lien of the contract might be established, and the property sold on special execution. No issue as to the maturity of the notes was tendered in the answer. The right of appellee to a personal judgment for installments not due was, however, raised on the trial, and is also raised in this court. Neither the notes evidencing the instrument nor the contract contained any provision for the acceleration of the maturity of the debt. The right of appellee to a personal judgment against appellants on all of the notes past due and to a decree of foreclosure and sale on special execution of so much of the property as shall be necessary is well sustained by the decisions of this court. *Tupple v. Viers*, 14 Iowa 515; *McDowell v. Lloyd*, 22 Iowa 448; *Kilmer v. Gallaher*, 107 Iowa 676; *Boynton v. Salinger*, 147 Iowa 537; *Dimon v. Wright*, 206 Iowa 693; *Vanderwilt v. Broerman*, 201 Iowa 1107.

Appellee is, however, entitled to have the lien of his contract fully preserved and jurisdiction of the case retained by the

court for the purpose of applying any surplus realized from the sale of the property on special execution to subsequently maturing installments, or to judgment and decree of foreclosure therefor. To the end that the right of appellee may be fully protected and full relief granted to which he is entitled, the court may, as stated, retain jurisdiction of the action for that purpose; but a decree so providing should be entered. *Kilmer v. Gallaher,* supra; *Boynton v. Salinger,* supra; *McDowell v. Lloyd,* 22 Iowa 448.

It follows that the judgment entered must be modified so as to include only matured installments. This may, on remand to the district court, upon proper pleadings and proof, include all the notes then due. *Vanderwilt v. Broerman,* supra. It would seem that the decree should also make full provision for the protection of the parties in the event of redemption from execution sale.

The cause will be remanded to the district court for judgment and decree in harmony with this opinion and the cases cited.—*Modified and affirmed.*

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.