LUELLA L. WILSON et al., Appellees, v. GEORGE W. TOLLES et al., Appellees; F. W. KELLER et al., Appellants.

No. 40074.

MARCH 11, 1930.

REHEARING DENIED OCTOBER 14, 1930.

*O. M. Slaymaker* and *R. E. Killmar,* for appellants.

*Spence & Beard* and *Frank F. Wilson,* for appellees.

*Lewis & Lewis,* for Theodore Thompson and Mrs. Theodore Thompson, interveners.

*Francis Varga,* for J. G. Tullis and H. H. Patterson, interveners.

MORLING, C. J.—Prior to November 14, 1927, defendant Poor

was the owner of the farm in controversy, consisting of 400 acres in Ringgold County, Iowa, subject to mortgage held by plaintiffs to the amount of $34,000. On that date, Poor conveyed the farm to defendant George W. Tolles. An arrangement was made with plaintiffs by which Poor conveyed to plaintiffs other land, in reduction of the mortgage debt to plaintiffs, reducing it to $24,235.56. The interest was paid to March 1, 1928. New note and mortgage were made out, but were not executed until July, 1928, when, under date "July, 1928," a principal note of $24,-235.56, due March 1, 1933, "with interest from date until paid at the rate of 5½ per cent per annum payable annually, as per five interest notes hereto attached," was signed by defendants Tolles, together with coupon notes, likewise dated "July, 1928," for $1,332.96 each. The first coupon maturing was by its terms due on the first day of March, 1929. The note provided:

"Should any of said interest or principal not be paid when due, it shall bear interest at the rate of 8 per cent per annum from the time same becomes due, and upon a failure to pay any of said interest within 30 days after due, the holder may elect to consider the whole note due, and it may be collected at once."

The mortgage, dated "............ day of July, 1928," is conditioned as follows: That the mortgagor shall pay $24,235.56 on the first day of March, 1933, "with interest thereon at the rate of 5½ per cent per annum, payable annually, according to the tenor and effect of the one promissory note with ......... coupons attached * * * all interest not paid when due draws interest at the rate of 8 per cent * * * The mortgagors shall pay, when due, all taxes and assessments * * * If the mortgagors fail either to pay such taxes * * * then the mortgagee * * * may do so and the amounts paid shall be recovered with 8 per cent per annum interest thereon from mortgagors and constitute a portion of the debt hereby secured. * * * A failure to comply with any one or more of the above conditions of this mortgage, either wholly or in part, including the payment of interest when due, shall at the mortgagee's * * * option cause the whole sum hereby secured to become due and collectible at any time after default without notice or demand, and in case suit is commenced to foreclose this mortgage, the mortgagee or holder of said mortgage shall be entitled to have a receiver appointed by the court

\* \* \* which said receiver shall be authorized under the orders of the court to rent said premises during the pendency of said action, and during the time allowed by law for redemption, and to apply the proceeds of said rents, profits and income to the payment of taxes \* \* \* and to apply the net balance on the interest and principal of the debt hereby secured.''

No part of the taxes for 1927 had been paid. Consequently, all of such taxes were, at the time of the execution of the note and mortgage, delinquent. Code, 1927, Section 7211. Defendants Theodore Thompson and Nellie Thompson were in possession under lease from Tolles for one year from March 1, 1928, with privilege of renewal ''for one year if agreeable to both parties on or before August first.'' The evidence (though not without contradiction) shows verbal understanding between Tolles and Thompson that Thompson should have a renewal. On October 23, 1928, plaintiffs paid the taxes for 1927 and penalty amounting to $416.76. On the same date, plaintiff filed his petition in this suit for foreclosure, alleging that defendants have failed to pay the taxes ''now delinquent in the sum of $416.82, which said taxes plaintiffs have paid according to the terms and conditions of said mortgage, and hereby make a part of the secured indebtedness of said mortgage debt obligation.'' The petition sets out the conditions of the mortgage with respect to taxes and acceleration of the maturity of the debt, and alleges that:

''Plaintiffs, because of the default of defendants and failure to pay the taxes on said real estate, and allowing same to become delinquent, hereby elects to declare the entire amount of said mortgage indebtedness due and payable at once, and elects to foreclose their mortgage for the entire amount of the indebtedness secured thereby.''

The petition alleges inadequacy of security and insolvency of defendants, asks for judgment for the entire principal sum and interest, and for $416.82 paid for taxes, with interest, and for appointment of a receiver. Meantime, Tolles, under date of October 17, 1928, had signed a deed to F. A. Keller for the land, and deposited it in escrow. The deed was delivered to Keller, but the date of delivery is, on the evidence, uncertain. It was recorded November 2, 1928. Under date of October 18, 1928, Keller made a lease of the land in question to C. E. Marquis, a

real estate dealer living in Des Moines, for the term March 1, 1929, to February 28, 1930, for the stated consideration of $1,250. Tolles claims to have made, on October 15, 1928, a bill of sale of the crops to Tullis and Patterson. Tullis and Patterson are interveners, but have not appealed, and it is unnecessary to give attention to their alleged claims to the crops or resistance to receivership. Likewise, defendants Tolles have not appealed, and their alleged interests are no longer involved. Defendants Thompson, the tenants, appeared October 20, 1928, but filed nothing until December 1, 1928. On November 16, 1928, Keller filed petition of intervention, alleging that the mortgage does not contain any provision permitting the mortgagee to accelerate the maturity and declare the mortgage due for nonpayment of taxes; that there has been no default, and plaintiffs are not entitled to foreclose; that plaintiffs have waived their right to declare the mortgage due on account of nonpayment of the 1927 taxes, if they ever had such right; "that he [intervener] is a man of considerable means, and has ample and sufficient means to pay the taxes which are now due on said premises and to pay the taxes and interest upon said premises as it becomes due; and that the real estate conveyed by the said mortgage is worth a great deal more than the amount of plaintiffs' debt; and that the security afforded by said mortgage is greatly in excess of the amount of plaintiffs' indebtedness." Keller prays that he be subrogated to all of the rights and defenses of defendants Tolles, and that the foreclosure be dismissed and application for receiver denied. Plaintiffs answered this petition of intervention.

On November 16, 1928, Marquis filed "petition of intervention and resistance to appointment of receiver," in which he set up his lease, and asked only that the appointment of receiver be denied. As the purported lease to Marquis would, if valid, have expired February 28, 1930, the appeal of Marquis presents only a moot question; and need be given no consideration. The cause came on for trial March 28, 1929. The trial continued during March 29th. On March 28, 1929, after plaintiffs had introduced their evidence and rested, they filed amendment to petition, alleging that, since the making of the note and mortgage, the second half of the taxes for 1927 became delinquent, and that, since the institution of the suit, the interest coupon of $1,332.95

had become due, and was unpaid. This was alleged as "a further reason for accelerating the maturity of the principal of the note." On March 29th, decree was entered in favor of the plaintiffs and against the Tolles for the full amount of the principal, taxes, and interest, foreclosing the mortgage and confirming the appointment of a receiver. The evidence shows that defendants Tolles are insolvent. Plaintiffs' evidence is that the mortgaged premises are worth $40 to $50 per acre ($16,000 to $20,000). Interveners' witnesses place the value at $70 to $75 per acre ($28,000 to $30,000). The testimony of the interveners' witnesses, however, is not impressive as to their knowledge or qualifications. Keller testifies that the fair and reasonable market value is $75 to $80 per acre. The evidence satisfactorily establishes that the mortgaged premises are not worth the amount of the incumbrance held by plaintiffs. No one is personally responsible for the debt except the defendant Tolles.

Keller's contention is that the failure to pay the taxes of 1927 was not cause for acceleration of maturity of principal. As has been noted, those taxes had been delinquent more than four months when the mortgage was executed. The language of the mortgage is:

"The mortgagors shall pay, when due, all taxes and assessments * * * If mortgagors shall fail either to pay such taxes * * * then the mortgagee * * * may do so and the amounts paid shall be recovered with 8 per cent interest * * *"

These provisions of the mortgage are prospective in language. To hold that the existing delinquency of the taxes—the failure to pay taxes which had long been due—was a breach of  the conditions of the mortgage, would be to hold that the entire debt was then due, and that the mortgage might be immediately foreclosed. It was impossible for the mortgagors to pay the 1927 taxes "when due," for they had been due for months. The contract was prepared by plaintiffs, and should be construed most strongly against them. To construe it as they now contend for would convict them of bad faith. Plaintiffs already had a mortgage on the premises, of which the new one was a part renewal. They had the personal obligation of Poor to pay the then existing debt. The

execution of the note and coupon and mortgage sued upon would, upon plaintiffs' present contention, have been an idle formality. The contract should be given a reasonable construction, if possible. The mortgage cannot be construed as authorizing foreclosure for the then existing delinquency in the payment of taxes. See *Petterson v. Weinstock*, 106 Conn. 436 (138 Atl. 433); *Farmers Sav. Bank v. Roe*, 195 Iowa 137; 13 Corpus Juris 540.

It was Tolles's duty to pay the taxes. Plaintiffs had the right to pay them, to add the amount so paid to the mortgage debt, and to enforce the mortgage for the repayment thereof.

The first interest coupon became due by its terms March 1, 1929. Keller contends that, under the terms of the principal note, no interest was due until the first anniversary of its execu-tion, inasmuch as the promise in the principal note is to pay interest annually. But the provision is that the interest is "payable annually as per five interest notes hereto attached." The coupon is a part of the contract. There is no plea or evidence that the Tolles were not, in fact, to pay interest from March 1, 1928. The evidence is without conflict that the interest from March 1, 1928, was not paid. When the note and coupon are construed together, in the light of the facts, it must be held that $1,332.95 interest was due March 1, 1929.

While plaintiffs' pleading is called amendment to petition, it is, in substance, a supplemental petition, authorized by Section 11221, Code, 1927. *Little v. Pottawattamie County*, 127 Iowa 376; *Gribben v. Clement*, 141 Iowa 144, 150; *Sigler v. Gondon*, 68 Iowa 441. The technical misnomer of the pleading as an "amendment" is of no consequence. It was not made ground of the motion to strike, which Keller made. This motion was overruled. Keller answered the amendment.

Under the terms of the mortgage, the failure to pay the interest at maturity would entitle the plaintiffs to declare the whole sum due and collectible; but by the terms of the note it is failure to pay interest within 30 days after due that entitles the holder to consider the whole note due. The 30 days had not expired when the amendment was filed, or when decree was entered. The note is the principal or primary contract or obliga-

tion. The mortgage is an incident. In case of conflict, the terms of the note prevail. *Mowbray v. Simons,* 183 Iowa 1389, 1392; *Coffin v. Younker,* 196 Iowa 1021, 1024. Plaintiffs were, therefore, not entitled to declare the principal due or to recover the amount of the principal or to foreclose therefor. The plaintiffs' recovery and their right to foreclosure in this suit must be limited to the amount of the taxes paid, with interest, and the amount of the delinquent coupon, with interest. While the mortgage does

 not in terms pledge the rents and profits, it does confer upon the mortgagee, in case of foreclosure, the right to have a receiver appointed, with authority to rent the premises and apply the proceeds of the rents, profits, and income to the payment of taxes, etc., and the net balance to the payment of principal and interest. This is, in effect, a pledge of the rents and profits. *Walters v. Graham,* 190 Iowa 481; *Keokuk Tr. Co. v. Campbell,* 205 Iowa 414; *Davenport v. Thompson,* 206 Iowa 746. It may be that plaintiffs now have other claims which they are entitled to add to the mortgage debt, and it may be that the right of acceleration has accrued. As the makers of the note are insolvent, and the security is inadequate, plaintiffs are entitled to the appointment of a receiver. *Harlow v. Larson,* 204 Iowa 328. The lien of the mortgage for the re-

 maining indebtedness above that for which they are now entitled to foreclose should be preserved. Jurisdiction should be retained, in order that the plaintiffs may have full relief. The cause should be remanded for such further proceedings as may be necessary for the preservation and foreclosure of their lien for the balance of the indebtedness, as it shall mature. *Witmer v. Fitzgerald,* 209 Iowa 997; *Burroughs v. Ellis,* 76 Iowa 649. The decree will be modified accordingly, and as so modified, affirmed and remanded.—*Modified, affirmed, and remanded.*

EVANS, STEVENS, FAVILLE, KINDIG, and GRIMM, JJ., concur.