INTERSTATE FINANCE CORPORATION, Appellant, v. PAUL BRINK, Appellee.

No. 45895.

734

NOVEMBER 17, 1942.

R. J. Kremer, of Independence, and L. C. Pleshek, of Oelwein, for appellant.

O'Brien & Molloy, of Independence, for appellee.

OLIVER, J.— On December 11, 1940, appellant instituted this suit and secured possession of the automobile by writ of replevin. The petition alleges appellant's qualified ownership of the automobile as the owner and holder of the conditional sale contract and note of date October 5, 1940, executed by appellee as conditional purchaser; that said contract and note provide for payment by appellee of $41.52 every month starting November 5, 1940, and in case of default in such payment, the holder of the contract may take immediate possession of said property; and that by reason of appellee's failure to make said payment on November 5, 1940, appellant is entitled to the possession of said automobile. Copies of the note and contract were attached to the petition and said instruments were thereafter placed in evidence. Although the answer was a general denial, the real issue was whether the first installment payment was due November 5, 1940, as pleaded by appellant, or would not be due until November 5, 1941, as contended by appellee.

The conditional sale contract of date October 5, 1940, states

that the dealer sold to appellee a new Hudson automobile for $375 paid down, and $996.88 to be paid,

" * * * at the office of INTERSTATE FINANCE CORPORATION, at DUBUQUE, IOWA, as evidenced by one negotiable promissory note of even date, payable to the order of the bearer, and signed and delivered by said purchaser to the dealer, * * * payable at the rate of $41.52 every Month starting Nov. 5, 1941 until the entire sum is paid * * *"

The contract contains clauses reserving title in the dealer until the purchase price is fully paid, providing for immediate repossession in case of default, and other clauses, not here material, frequently found in conditional sale contracts.

The note is, in part, as follows:

"SCHEDULE OF INSTALLMENTS
"$996.88   Manchester, Iowa, October 5, 1940
"$41.52 to be paid Nov. 5, 1940 and a like amount to be paid each 30 days thereafter, or according to the following schedule, due on the 5th day of each month after date. * * *

"For value received the undersigned do jointly and severally promise to pay to the bearer the sum of Nine Hundred Ninety-Six and 88/100 Dollars at the time or times stated in the SCHEDULE OF INSTALLMENTS hereon at the office of the INTERSTATE FINANCE CORPORATION, in Dubuque, Iowa. * * *

"If any installment of this note is not paid at the time and place specified herein, the entire amount unpaid shall be due and payable forthwith at the election of the holder of the note. * * *

"This note is secured by Conditional Sale Contract of even date on a certain Motor Vehicle.
"PURCHASER, Paul Brink."

Appellant made formal proof of the execution of the note and contract and it was stipulated that appellee had paid nothing except the $375 down payment. Appellee raised no specific issue relative to the variance in the contract and note. Nor did he attempt to offer evidence to explain the same or to assign any reason therefor. It was and is his position that the replevin suit must necessarily be founded upon the contract

alone and that under the terms of said contract no installment payment would have been due until November 5, 1941. He asserts the note is merely evidence of the indebtedness and is not material evidence as to the right of possession.

It is true the sole issue in the case is the right of possession. But it is not open to serious question that, in determining such right of possession, the note and contract, if part of the same transaction, should be interpreted together. Hubbard v. Wallace Co., 201 Iowa 1143, 1147, 208 N. W. 730, 732, 45 A. L. R. 1065, states:

"It is the rule, well settled in this state, that instruments relating to the same transaction and contemporaneously executed will be construed together." (Citing authorities.)

Fetes v. O'Laughlin, 62 Iowa 532, 534, 17 N. W. 764, 765, refers to this doctrine as "a familiar rule of the law." In the language of Restatement of the Law, Contracts, section 235(c), all writings forming part of the same transaction are interpreted together.

Appellant showed by parol evidence, which was uncontradicted, that the note and conditional sale instrument were executed at the same time. The general rule concerning such parol evidence is stated in 32 C. J. S. 868, 869, section 946, as follows:

"Parol evidence would seem to be always permissible to connect an instrument containing an obligation to pay money with another instrument evidencing the giving of security for, or a guaranty of, payment, as this is in effect nothing more than identifying the subject matter of the latter instrument, or explaining an ambiguity, and the latter instrument is usually of such a character as to show that it does not, standing alone, evidence the complete agreement of the parties; and this is true even though the note or other obligation produced does not in all particulars correspond with a description thereof in the mortgage or other writing."

See, also, Iowa Sav. Bk. v. Graham, 192 Iowa 96, 181 N. W. 771; Paine v. Benton, 32 Wis. 491.

In this case the contract of conditional sale refers to the

note as evidencing the obligation of appellee, and the note like-wise refers to the conditional sale instrument. We conclude the instruments themselves, together with the testimony that they were executed at the same time, establish their connection, not-withstanding the discrepancy in maturity dates. Therefore, they should be interpreted together. Thus, the issue becomes narrowed to the interpretation of the contract evidenced by the two instru-ments. No rights of third parties are here involved.

In Mowbray v. Simons, 183 Iowa 1389, 1392, 168 N. W. 217, 218, this court said:

"It has been generally held by the courts that the provisions of the note and of the mortgage given to secure the payment thereof, must be construed together and enforced accordingly, where this is possible. It is also the general, if not universal, holding that, where there is a conflict between the terms of the note and mortgage as to the maturity of the former, its pro-visions must control. This proceeds upon the theory that the mortgage, executed for the purpose of securing the payment of the note, is an incident thereto, and not the primary obligation." (Citing authorities.)

Wilson v. Tolles, 210 Iowa 1218, 1224, 229 N. W. 724, 727, thus states the rule,

"The note is the principal or primary contract or obligation. The mortgage is an incident. In case of conflict, the terms of the note prevail."

In Coffin v. Younker, 196 Iowa 1021, 1024, 195 N. W. 591, 592, this doctrine is said to be "the general holding."

It is stated in 36 Am. Jur. 748, section 123:

"Where, however, there is an irreconcilable difference be-tween the terms of notes or bonds and of mortgages or deeds of trust given to secure them, the terms of the former control."

Among numerous authorities sustaining the rule are In-diana & I. C. Ry. Co. v. Sprague, 103 U. S. 756, 26 L. Ed. 554, and Smith v. Kerr, 130 Maine 433, 157 A. 314, which cites many supporting authorities. See, also, 46 L. R. A., N. S., 477, note.

Ferris v. Johnson, 136 Mich. 227, 229, 98 N. W. 1014, 1015, is factually quite similar to the case at bar. The cited case was a replevin suit, brought by the holder of a chattel mortgage in which the question of default in payments turned upon whether the maturity dates were governed by the terms of the notes or the mortgage, which were in conflict. The court said:

"While a mortgage may modify the contract, an irreconcilable contradiction by the mortgage of the terms of the note cannot be allowed to affect the contract as shown in the note. The indebtedness is represented by the notes, which constitute the primary contract. To these the mortgage is collateral, and to them it refers for the purpose of identification of the debt and contract, performance of which is secured by the mortgage. Mistakes in such descriptions are not necessarily fatal." (Citing authorities.)

Among cases discussing the nature and elements of conditional sale contracts are, Hansen v. Kuhn, 226 Iowa 794, 285 N. W. 249, and Craddock v. Bickelhaupt, 227 Iowa 202, 288 N. W. 109, 135 A. L. R. 474.

The doctrine enunciated in Mowbray v. Simons, supra, and other cited authorities, is here applicable. As thus interpreted, the contract required a payment November 5, 1940. Upon default, appellant was entitled to the possession of the automobile. Under the record the court should have directed a verdict against appellee. This conclusion renders unnecessary the consideration of other errors assigned by appellant.—Reversed.

WENNERSTRUM, C. J., and GARFIELD, MILLER, BLISS, HALE, and STIGER, JJ., concur.