HAMPDEN COTTON MILLS *vs.* SAMUEL R. PAYSON & another.

Hampden.    Sept. 28, 1880. — Jan. 11, 1881.    COLT & MORTON, JJ., absent.

The condition of a mortgage of land recited that, if the grantor should pay the grantee a certain sum with interest in a certain time, the deed, as well as a promissory note for the amount stated, with interest, should be void. The note referred to made no mention of interest. The mortgagor, under a threat to foreclose the mortgage, paid both principal and interest, and brought an action against the mortgagee, under the Gen. Sts. c. 140, § 30, to recover the amount of the interest. *Held,* that parol evidence was admissible to show that the note was the only debt secured by the mortgage; and that, if this were proved, the action could be maintained.

CONTRACT, under the Gen. Sts. c. 140, § 30, to recover $2700, alleged to have been paid the defendants in excess of what was due, under protest, and after a threat to foreclose a mortgage of land, held by the defendants, unless such payment was made.

At the trial in the Superior Court, before *Wilkinson,* J., without a jury, it appeared that, in January 1877, the defendants conveyed the land to Ebenezer G. Lamson, who the same day mortgaged it to the defendants. Lamson subsequently sold the land to the plaintiff corporation, and it assumed and agreed to pay the mortgage. The mortgage contained the condition, that, if the grantor should pay to the grantees "the sum of thirty thousand dollars in eighteen months from date, . . . with six per cent interest per annum thereon, during said term, and for such further time as said principal sum, or any part thereof, shall remain unpaid, payable semiannually, . . . then this deed, as also three notes for ten thousand dollars each, dated this day, signed by the grantor, whereby for value received he promises to pay the grantees or order the said sum and interest at the time aforesaid, shall be void." At the same time, and as part of the same transaction, Lamson made the three notes referred to in the mortgage, each of which was for the payment of $10,000 in eighteen months, without any mention of interest.

The plaintiff introduced the mortgage in evidence, and, against the defendant's objection, the notes also ; and offered to prove that the notes constituted the entire mortgage debt, that no other debt or claim due the defendants existed than the notes, that no other debt or claim was intended by the parties to be

secured by the mortgage than the notes as they appear that the defendants had no right or claim to recover interest upon the notes, or in any way, and that the plaintiff, to avoid foreclosure and sale of the premises, was compelled to pay the defendants $2700 as interest, in addition to the principal.

The judge rejected this offer of evidence; ruled, as matter of law, that, by the terms of the mortgage, the mortgage debt was $30,000 and interest, and that the defendants rightfully demanded payment of that sum, and the plaintiff could not recover; and found for the defendants. The plaintiff alleged exceptions.

*G. M. Stearns*, for the plaintiff.

*M. P. Knowlton & W. C. Loring*, for the defendants. The plaintiff's grantor made a mortgage to secure the payment of $30,000 with semiannual interest at the rate of six per cent. The condition also contained a clause that, if that sum was paid, three notes for $10,000 each, whereby the mortgagor promised to pay said sums and interest, should, as well as the deed, be void. The mortgagor, through accident or through fraud, gave his notes for the principal, but not for the interest. It is a case, therefore, where practically the notes are secured by the mortgage, but the mortgage is security for something more than the notes. The mortgagees having no personal claim on the mortgagor for the interest, but having a claim on the mortgaged property if that interest was not paid, collected it of the plaintiff, to whom the mortgagor had conveyed the mortgaged property.

The condition in the mortgage now before the court differs from a usual form, by which, if the grantor pays a certain note, the deed is to be void. In the latter case, evidence is necessarily resorted to to show what the note is. But, in the case at bar, to admit the notes would be to admit notes different from those described in the mortgage.

The mortgage debt is to be ascertained by construing the condition and notes together, as if they were part of the same written instrument; and no other evidence is competent. So construed, the mortgage debt bore interest. *Muzzy* v. *Knight*, 8 Kans. 456. *Dobbins* v. *Parker*, 46 Iowa, 357.

SOULE, J. In an action to foreclose a mortgage, evidence is admissible to identify the note or other instrument secured by

the mortgage, though the description of it in the condition of the mortgage be in some particulars inaccurate. *Hall* v. *Tufts*, 18 Pick. 455. *Pierce* v. *Parker*, 4 Met. 80. *Clark* v. *Houghton*, 12 Gray, 38. The plaintiff does not seek to foreclose a mortgage, but to recover, under the provisions of the Gen. Sts. c. 140, § 30, the interest on thirty thousand dollars for eighteen months, which it alleges that it paid the defendants, in excess of the amount due on a mortgage on its land, in order to prevent the foreclosure thereof by the defendants. It would be impossible to ascertain whether anything in excess of the amount due on a mortgage had been received upon it by the holder till the debt secured thereby, whether in the form of a note, bond or other obligation, had been identified, and the amount received by the holder compared with the amount due on the contract under which payment was to be made, and payment of which would be payment of all that was due on the mortgage. The same reason which makes parol evidence admissible to identify the secured note or other obligation in a suit for foreclosure, applies in a suit under the statute on which the plaintiff proceeds. It was competent, therefore, for the plaintiff to show that the notes which he produced were the only debt secured by the mortgage, notwithstanding the recital in the mortgage that they bore interest before maturity. The refusal to admit this evidence was erroneous, as well as the ruling that the mortgage debt was thirty thousand dollars and interest. If the notes which did not bear interest should be proved to be the only debt secured by the mortgage, the amount of the mortgage debt would be the amount due on them, notwithstanding the words in the condition of the mortgage relating to the payment of interest.                    *Exceptions sustained.*