## THE NEW ENGLAND MORTGAGE SECURITY COMPANY v. JOHN W. CASEBIER et al.

### No. 121.

NOTE AND MORTGAGE—*Interest—Note Governs.* When a note expressly provides that the principal bears interest at the rate of 7 per cent. from date until paid, and the mortgage securing the same provides that, in default of payment of any part of the sum secured, when due, interest shall be paid at the rate of 12 per cent. per annum from the date of the note, the rate of interest recoverable in an action brought on the note and mortgage is controlled by the terms of the note, and is limited to 7 per cent. per annum.

MEMORANDUM.—Error from Osborne district court; CYRUS HEREN, judge. Action by The New England Mortgage Security Company against John W. Casebier and others to recover on a note and mortgage. Judgment for defendants. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed June 4, 1896, states the material facts.

*Henry C. Flower,* and *George H. McCrary,* for plaintiff in error.

*Robinson & McBride,* for defendant in error Jacob M. Kepple.

The opinion of the court was delivered by

GARVER, J. : This action is based upon a note and mortgage. The only question presented for consideration is as to the amount of interest which the plaintiff is entitled to recover. The note provides :

" With interest from date until paid at 7 per cent. per annum, as per coupons attached. . . . On failure to pay interest within five days after due, the holder may collect the principal and interest at once, and as stipulated in the mortgage made to secure this note."

The mortgage, after the usual conditions, and after reciting the obligation of the mortgagor to pay the principal with interest thereon from date until paid at the rate of 7 per cent. per annum, contains the following :

" In case of default of payment of any sum herein covenanted to be paid, for the period of five days after the same becomes due, or any default of performance of any covenant herein contained, the said first parties agree to pay the said second party and its assigns interest at the rate of 12 per cent. per annum, computed annually on said principal note, from the date thereof to the time when the same shall be actually paid."

In case of default and foreclosure, may the plaintiff recover, according to the terms of the mortgage, interest at the rate of 12 per cent. from date, or is he limited to the 7 per cent. expressed in the note? The two instruments constitute parts of one contract. (*Muzzy v. Knight*, 8 Kan. 456.) But the note is the evidence of the debt, and is the principal obligation of the debtor, the mortgage being simply incidental thereto ; and in case of variance or repugnance in their respective conditions or terms, the note will con-

trol. (*Hutchinson v. Benedict*, 49 Kan. 545; *Keys v. Lardner*, 55 id. 331.)   Were it not for the reference made in the note to the mortgage, it would be plain that the provisions of the mortgage could not be enforced without wholly ignoring or changing the agreement as to the rate of interest as it is expressed in the note; for the variance between them would be more radical than that which existed in the cases cited.   Counsel for plaintiff construe the note as though it read: "On failure to pay interest within five days after due, the holder may, at once, collect the principal, with interest as stipulated in the mortgage"; or, as stated in their brief, "On failure to pay interest, principal and interest may be collected as stipulated in the mortgage." We cannot agree with them in such construction.   That provision of the note has, we think, reference solely to the time and manner of collection.   It makes mention of "*the* principal and interest," evidently meaning the principal and interest, at the rate of 7 per cent. which is expressed in the preceding part of the note.   The reference to the mortgage — "and as stipulated in the mortgage"—includes the stipulations therein relative to both principal and interest; and a reasonable and natural construction limits it to the manner of procedure for the enforcement of the payment of the principal with the interest stipulated in the note. Had it been the intention of the parties, by thus referring to the mortgage, to incorporate into the contract the payment, on certain conditions, of interest from date at the rate of 12 per cent., instead of at the rate of 7 per cent. as stated in the note, until the principal was paid, they could easily have expressed that intention in plain language.   It is only by a strained construction that the note can be given the

meaning contended for by plaintiff; and it is one which, in our opinion, was not in contemplation by the makers of the note.

Judgment affirmed.

All the Judges concurring.