JESSIE ADLER, Appellant, *v.* EMIL BERKOWITZ et al., Defendants, and ROSE GAST, Respondent.

434

(Argued October 8, 1930; decided November 18, 1930.)

*Jacob A. Freedman* and *Irving C. Maltz* for appellant. It was optional with the mortgagee to declare the entire principal sum due and payable because of a default in the payment of an installment of principal or interest. (Real Prop. Law, § 254; *Walsh* v. *Henel*, 226 App. Div. 198; *Cresco Realty Co.* v. *Clark*, 128 App. Div. 144; *Matusak* v. *Bakiorzynski*, 128 Misc. Rep. 375.) The bond is the principal obligation. The mortgage is merely collateral to it and is executed to secure the performance of that obligation. The bond and mortgage are to be construed together as forming one contract. Where the bond and mortgage contain inconsistent provisions then those contained in the bond must prevail. (Jones on Mortgages [5th ed.], vol. 2, p. 126; 41 C. J. § 340; *Rothschild* v. *Rio Grande Western R. R. Co.*, 84 Hun, 103; 164 N. Y. 594; *Railway Co.* v. *Sprague*, 103 U. S. 756; *Hoffman Co.* v. *Rochester Consolidated & Milling Co.*, 53 N. Y. Supp. 1106; *Beach* v. *Supreme Tent K. of M.*, 177 N. Y. 100; *Imperial Shale Brick Co.* v. *Jewett*, 169 N. Y. 143;

*Goodjon* v. *United Bond & Building Corp.*, 226 App. Div. 137; *Enoch* v. *Brandon,* 128 Misc. Rep. 695; *Biedka* v. *Ashenas,* 119 Misc. Rep. 647; *Osborne* v. *Missouri, K. & T. Ry. Co.*, 92 Misc. Rep. 166; *Berman* v. *Consolidated Nevada-Utah Corp.*, 132 Misc. Rep. 462; *Lumberman's Trust Co.* v. *Title Ins. & Investment Co.*, 248 Fed. Rep. 212.)

*Louis Joffe* and *Hyman Finkelson* for respondent. Section 254 of the Real Property Law does not add the words " at the option of the mortgagee " to the acceleration clause of the mortgage. (*Manson* v. *Curtis,* 223 N. Y. 320; 2 Williston on Contracts, § 601; *Williams* v. *Wisner Building Co.*, 121 Misc. Rep. 32.) On matters pertaining to the mortgage, the terms of the mortgage control when different from terms of the bond. (*Feigenbaum* v. *Hiznay,* 187 App. Div. 126; *Stoddard* v. *Hart,* 23 N. Y. 556; *Gen. Inv. Co.* v. *I. R. T.*, 200 App. Div. 794; 235 N. Y. 133; *Murray* v. *Marshall,* 94 N. Y. 611.) The bond or note cannot be declared due in an action thereon, prior to its expressed maturity, even though the security may be foreclosed. (Wiltsie on Mortgage Foreclosure [4th ed.], § 56; *Mallory* v. *West Shore R. R. Co.*, 3 J. & S. 174; *White* v. *Miller,* 52 Minn. 367; *McClelland* v. *Bishop,* 42 Ohio St. 113; *Alwood* v. *Harrison,* 66 Okla. 203; *American Nat. Bank* v. *Am. Wood P. Co.*, 19 R. I. 149; *Morton* v. *Rock B. C. Co.*, 91 W. Va. 169; *Morgan* v. *Martien,* 32 Mo. 438; *Batchelor* v. *Council G. W. Co.*, 131 N. Y. 42.)

O'BRIEN, J. Defendant Rose Gast and her husband executed a bond to plaintiff's assignor for a sum of money and at the same time she alone gave a mortgage on premises owned by her to the same person in the same amount. The acceleration clause in the bond provides that at the option of the obligee after default for thirty

days in the payment of interest or of any installment of principal the whole of the principal sum shall become due. The mortgage embraces a similar clause except the time is stated to be twenty instead of thirty days, and the provision relative to an option by the obligee is omitted. Rose Gast conveyed the mortgaged premises to defendant Berkowitz who took them subject to the mortgage but did not agree to pay the debt. On a certain date when the premises were worth enough to pay all incumbrances, an installment of principal and the quarterly interest became due. Berkowitz paid the amount after the expiration of twenty days but within the thirty days. Without Rose Gast's knowledge, plaintiff accepted payment. Nine months later a second default occurred. In this action of foreclosure plaintiff recovered a deficiency judgment against Rose Gast at a time when the value of the premises had depreciated. It has been reversed as to her by a divided court.

The bond is the evidence of the original indebtedness. The mortgage is to secure the debt and by its terms the installments of principal and the interest are made payable " according to a certain bond or obligation bearing even date herewith." That bond does not require the obligee to declare the principal due at the expiration of twenty days; it may become due at the expiration of thirty days and then only " at the option of said obligee." The parties to the bond put into exact words the meaning which section 254 of the Real Property Law (Cons. Laws, ch. 50) requires to be inferred from language in mortgages in statutory form. Ordinarily, when provisions in a bond and a mortgage are inconsistent, the terms of the bond are held to control. (*Rothschild* v. *Rio Grande Western Ry. Co.,* 84 Hun, 103; affd., 164 N. Y. 594.) On the facts before us the usual rule should apply. Rose Gast absolutely promised to pay plaintiff's assignor certain definite sums on specific dates and gave him the option in the event of default to

declare the whole principal due. He was under no obligation to exert this discretionary power. As between her and the holder of the bond, the terms of the bond rather than the mortgage must be held controlling.

The judgment of the Appellate Division in so far as it strikes out the provisions for a deficiency judgment against the defendant Rose Gast should be reversed and the judgment of the Special Term affirmed, with costs to the appellant in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment accordingly.