LOTTIE M. SMITH *vs*. THEODORE KERR.

Cumberland.     Opinion November 18, 1931.

434

*Albert E. Neal,* for plaintiff.
*Clarence E. Sawyer,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

FARRINGTON, J.    On Appeal. Bill in equity dated January 15, 1931, filed January 17, 1931, to redeem certain real estate on which the defendant had begun foreclosure proceedings and of whom an accounting had been demanded, because of alleged unreasonable refusal and neglect to render such account.

On September 26, 1926, the plaintiff, to secure the payment of the sum of three thousand dollars ($3,000.00), mortgaged to one Harry D. Currier certain real estate owned by her in Portland, Maine, consisting of a three family house and a three stall garage at No. 14 Fessenden Street, and a two and a half story, two family house, with garage, on Canton Street.

On May 22, 1929, Currier assigned the mortgage to the defendant and endorsed the note without recourse.

The note itself was as follows: "$3000.00. Portland, Maine, Sept. 18, 1926. One year after date I promise to pay to the order of Harry D. Currier Three Thousand and 00/100 Dollars at any bank in Portland, Maine. Value received with interest at 10%. Payable quarterly."

The defeasance clause of the mortgage, under the same date as the note, was "Provided nevertheless, that if the said grantor or her heirs, executors, administrators or assigns, shall pay unto the said grantee or his heirs, executors, administrators or assigns, the sum of three thousand dollars ($3000.00) in one year from this date, with interest on the amount unpaid and on overdue interest at the rate of ten per cent per annum, during said term, and for such further time as said principal sum or any part thereof shall remain unpaid payable quarter-annually," and then, after making certain

provisions including payment of taxes and insurance, it concluded as follows: "then this deed, as also a promissory note of even date herewith signed by the said grantor whereby promise to pay to the said grantee or order the said sum and interest at the time aforesaid, shall be void."

The plaintiff failed to pay the mortgage when it became due but endorsements on the note showed payment of all interest due up to June 20, 1928.

On July 18, 1930, the defendant, as assignee of the mortgage, acting under the provisions of the statute, entered in the presence of two witnesses and took possession of the premises on Fessenden Street and Canton Street, making separate entry as to each.

It was admitted by the plaintiff that the certificate of foreclosure which was duly and seasonably recorded conformed as to "form and substance" with the statutory requirements.

No question is raised as to the effectiveness of the foreclosure proceedings as far as the Canton Street property is concerned but it is contended that the facts as to Fessenden Street presented a different situation. This house was arranged for three tenements, one on the ground floor, occupied by a tenant at the time of entry, one on the middle floor unoccupied at the time, and one on the upper floor occupied by the plaintiff, who was engaged in canvassing and who was not there at the time but who lived there during the short intervals of time when in Portland and who was still occupying it in the same way at the time of the hearing on the Bill before us. The evidence showed that plaintiff's tenement was locked and was not itself entered by the defendant when he took possession under the statutory method of foreclosure.

The presiding Justice found "that the possession of the mortgaged premises was taken peaceably and openly in accordance with the terms of the Statute, on July 18, 1930," and that "the defendant did unreasonably refuse and neglect to render a true account in writing of the balance due on said mortgage" and sustained the bill with costs, also finding that the balance due on the mortgage was $4,109.74, represented by the face of the note, plus the sum of certain expenditures made by the defendant, duly itemized in the findings, and of interest reckoned on the note at the rate of ten per

cent from June 20, 1928, to January 17, 1931, and interest on overdue interest at the same rate from September 20, 1928, to January 17, 1931, less $551.95, the amount found as received for rentals.

The case is before us on appeal from the decree allowing the plaintiff to redeem on payment to the defendant of the said sum of $4,109.74 within sixty days from the date of the decree, less her taxable costs, and in default of payment the bill to be dismissed.

The plaintiff bases her claim under this appeal on six points of contention, the first and second of which raise questions particularly as to the foreclosure of the Fessenden Street property.

On July 18, 1930, when, for the purpose of foreclosure, the defendant made his entry, as he also did on the Canton Street parcel, the plaintiff was not in her tenement on the upper floor, nor was she anywhere within the building or on the premises as far as the record disclosed, and her door was locked. No actual entry was made into her rooms. The defendant with his two witnesses entered all three floors, having been admitted by someone on the first floor, and then went to the garage and then onto the land and in all these places repeated the statement that he was taking possession for the purpose of foreclosing the mortgage of which he was the owner and the terms of which had been broken.

The record discloses no evidence that anyone opposed the entry and we find that such entry was unopposed, and it must be regarded, despite the claim of the plaintiff, as having been made peaceably and openly as found by the presiding Justice and that finding should not be disturbed.

The evidence in the case shows that the plaintiff retained her tenement, occupying it when she was in Portland, and that she never paid any rent to the defendant, although he collected rent from the other occupants, made necessary repairs and exercised general control over the premises.

The plaintiff testified that she had never consented to defendant's taking of possession, and her consent was not necessary under the method of foreclosure used. She admitted that defendant made some suggestion to her about remaining in her rent, or, if she were away, of letting it furnished and having the proceeds applied on

the note and mortgage, and she replied that she "didn't care to have anything destroyed."

While the defendant did not himself live in or occupy any part of the premises, he was nevertheless in contemplation of law in such possession that a continuation of that possession for the statutory period would complete the foreclosure.

The Justice presiding made no findings as to defendant's continuance in possession as affecting final foreclosure of the right to redeem after the passing of the year, but in our opinion the character of the occupation of her tenement by the plaintiff as disclosed by this record, even if she were given notice to leave, did not affect the continued possession of defendant and that when the year required by the statute passed, the foreclosure would have been complete had it not been for the intervention of the demand for an accounting and the bill in equity seeking redemption.

In *Morse* v. *Bassett*, 132 Mass., 502, 509, the Court said that "The possession which the law contemplates may be constructive, and it will be presumed to continue after the open peaceable entry which the law requires has been formally made, even if the mortgagor remain on the premises."

In *Fletcher* v. *Carey*, 103 Mass., 475, 477, the Court used this language: "The possession which the mortgagee is required to take and to maintain, in order to accomplish an effectual foreclosure of the mortgage, is by no means a personal occupation of the mortgaged estate by himself, or even the actual appropriation of the rents and profits. It is a formal entry, and a constructive rather than a literal taking of possession. It is of no importance that it produces no change in the occupation. It is not an entry for the purpose of literally ousting and expelling the mortgagor * * *."

In *Ellis* v. *Drake et als*, 8 *Allen*, 161, 163, the Court said, "Permitting the mortgagor to continue in the occupation of the premises is also held not to defeat the operation of an entry for foreclosure. The rule of law as now held seems to be that the entry by the mortgagee for condition broken, in the presence of two witnesses, and a certificate thereof duly sworn to before a justice of the peace, and duly recorded, are all that is necessary to effect a foreclosure."

The plaintiff's third point of contention is that while the holder of the mortgage may be allowed for expenditures for necessary repairs, he is not entitled to charge expenditures made for improvements and that in the case at bar the various amounts claimed to have been expended by the defendant should not be allowed because they are too indefinite for just allowance.

Her fourth point is that the defendant should be charged not only with the rents and profits actually received but with those which by ordinary care and attention he should have received.

As to these contentions, we feel that the presiding Justice in establishing, for the purposes of redemption, the items of expenditures forming the balance due on the mortgage, outside of principal and interest thereon, made findings of fact which were amply supported by the evidence and which should not be disturbed. The record itself clearly shows that the expenditures were for necessary repairs. There is no evidence of any expenditures for improvements. As to the collection of rents, we find nothing in the record to show any error on the part of the Justice presiding, who found $551.95 as the amount to be accounted for as received from rentals. There is no evidence to show failure on the part of the defendant to use ordinary care and attention as to their collection and we regard the finding of the presiding Justice as to the amount of rents credited as warranted by the evidence and undisturbable as a finding of fact.

For her fifth and sixth points the plaintiff claims that the provisions of the mortgage should not have been followed in reckoning the interest due on the note but that the terms of the note governed and controlled.

Where a mortgage is given to secure the payment of a note or bond and the two instruments are made at the same time, they may, when the nature of the transaction becomes material, be read and construed together as parts of the same transaction, provided there is no inconsistency, as the terms of the one may explain or modify the other, and a stipulation or condition inserted in the one may be an effective part of the contract of the parties, although not found in the other. This is uniformly recognized by the courts as a sound principle of law and needs no citation of authority.

But if the note or the bond and the mortgage contain conflicting and irreconcilable provisions as to the character or terms of the debt or interest, or the time for its payment, the note will govern, as being the principal obligation. *Pacific Fruit Exchange* v. *Duke et al* (Cal. App.), 284 Pac., 729; *Conrad* v. *Scott et al* (Col.), 278 Pac., 798; *Linam et al* v. *Anderson*, 12 Ga. App., 735, 78 S. E., 424, 427; *Tipton et al* v. *Ellsworth et al*, 18 Ida., 207, 109 Pac., 134, 138; *Mowbray et al* v. *Simons et al*, 183 Ia., 1389, 168 N. W., 217; *Wilson et al* v. *Tollis et al* (Ia.), 229 N. W., 724, 727; *New England Mortgage Security Co.* v. *Casebier et al*, 3 Kan. App., 741, 45 Pac., 452, approved in *Kansas Loan & Trust Co.* v. *Thayer* (Kan.), 58 Pac., 238; *Hampden Cotton Mills* v. *Payson et al*, 130 Mass., 88; *Ferris et al* v. *Johnson et al*, 136 Mich., 227, 98 N .W., 1014; *Owings* v. *Mackenzie et al*, 133 Mo., 323, 33 S. W., 802; *Adler* v. *Berkowitz*, 254 N. Y., 433, 173 N. E., 574; *Rhodus* v. *Goins*, 129 S. C., 40, 123 S. E., 645, 646; *Lovell* v. *Musselman*, 81 Wash., 477, 478, 142 Pac., 1143; *Ogden* v. *Bradshaw*, 161 Wis., 49, 152 N. W., 654; *Lumbermen's Trust Co.* v. *Title Ins. & Inv. Co. et al*, 248 Fed., 212; *Railway Co.* v. *Sprague*, 103 U. S., 756, 761; 41 C. J., Sec. 340, p. 452; Jones on Mortgages, 8th Ed., Vol. 1, Sec. 89, p. 92; 19 R. C. L., p. 493, Sec. 287; id. p. 302, Sec. 76.

Authority may be found to the effect that, where it is not apparent on the face of the papers, in this case the mortgage and the note, as to which one expresses the real intention and agreement of the parties, extrinsic evidence may be received to show the fact. *Payson et al* v. *Lamson et als*, 134 Mass., 593, 596.

No such evidence was offered in the case before us, and we are, therefore, bound by the facts appearing in the record which show conflicting provisions in the mortgage and the note, provisions which on the evidence before us are irreconcilable, and the note must control.

Under the decisions in this state it is well settled that where the note stipulates a rate of interest in excess of the legal rate and makes no provision for the continuance of that rate after maturity, the note will draw the stipulated rate until maturity and only the legal rate thereafter. *Eaton* v. *Boissonnault*, 67 Me., 540; principle recognized in *Augusta National Bank* v. *Hewins et als*, 90

Me., 255 ; *Paine* v. *Caswell et als*, 68 Me., 80 ; *Flynn* v. *Banking &
Trust Co. et als*, 104 Me., 141, 154.

It was error to have figured interest at ten per cent on the prin-
cipal and on the overdue interest as provided in the mortgage. It
should be figured at the rate of six per cent after maturity instead
of ten per cent, with no interest on overdue payments of interest,
as the note makes no provision relating thereto.

Inasmuch as there must be a new decree, it should include any
additional expenditures that may have been properly made, to-
gether with a reckoning of additional interest and of further sums
collected from rents to the date of such new decree.

> *Appeal sustained.*
> *Decree in accordance*
> *with this opinion.*