William Kapelman, J.
Motion and cross motion for summary judgment are "based upon the following facts with which the parties appear to be in agreement. The plaintiff is the owner of realty which was purchased subject to a certain mortgage held by the defendant bank. The plaintiff seeks in this action to recover the sum of $254.55 paid under protest, representing 1% penalty for prepayment of mortgage, and interest charges for the period when the agreed and scheduled closing of mortgage satisfaction was adjourned because defendant did not have the necessary documents available. The controversy between the parties, as to which it is conceded only an interpretation of law is involved, arises by reason of the following facts: The bond given to defendant by the original mortgagor specifically states in its printed pertinent portion “4”: “ the obligor shall have the privilege of prepaying this bond in whole or in part without the payment of any service charge.” The mortgage given simultaneously with the bond states in printing that it is given to secure the payment of an indebtedness ‘ ‘ which is to be paid with interest thereon, according to a certain bond or obligation.” Further, typewritten, the mortgage states: ‘ ‘ the mortgagor shall have the privilege on or after the first day of July, 1966, of paying the debt in whole or in any amount equal to one or more monthly payments of principal that are next due on the first day of any month prior to maturity; provided, however, that written notice of an intention to exercise such privilege is given at least thirty (30) days prior to prepayment and the mortgagor pays the equivalent of one per cent (1%) of the balance of the mortgage.” It is thus obvious that there are material inconsistencies as to the right to prepayment and the terms thereof in the bond and mortgage.
It is the plaintiff’s contention that where an inconsistency appears as between a bond and mortgage, the terms of the bond *582 should prevail. Authority therefor is the case of Adler v. Berkowitz (254 N. Y. 433). The court has carefully read this case and is of the opinion that it was the intention of the court to limit its holding to a situation where an inconsistency appeared in the bond and mortgage, as between the obligor and the holder of the bond. This the court clearly states: “As between her [the obligor] and the holder of the bond, the terms of the bond rather than the mortgage must be held controlling ” (p. 437). It is our view that in a case which involved the holder of the bond and mortgage and an owner of the property who had purchased the property from the original mortgagor, or a subsequent transferee, that the test set forth in Rothschild v. Rio Grande Western Ry. Co. (84 Hun 103, affd. 164 N. Y. 594) would apply, namely which instrument “meets the eye.” It was this principle which guided the Appellate Division in making their determination of the Adler v. Berkowitz case (229 App. Div. 245), reversed (supra) for the limited reason set forth above. Under ordinary circumstances the instrument which meets the eye of a subsequent purchaser of property is the mortgage since that is the only recorded instrument. The bond or note cannot be recorded in the State of New York. To hold otherwise would confound the entire purpose of recordation since the purchaser as a matter of law buys subject to the recorded mortgage alone and hardly, if ever, sees the bond.
Were this not sufficient to determine the instant case, we note that the contract of sale under which plaintiff purchased the premises, contained a clause as follows: “Subject to a consolidated first mortgage now reduced in the amount of $23,681.17, which contains a provision permitting prepayment thereof as of July 1, 1966.” The plaintiff therefore purchased subject to this recorded mortgage which gave it no prepayment privilege until July 1, 1966. The plaintiff by executing the contract containing this clause, itself acknowledged notice that the prepayment privilege did not begin until July 1, 1966. The plaintiff cannot now avail itself of the benefit of the principle, that in an inconsistency between bond and mortgage the bond prevails, rather the test of Rothschild is applicable. The instrument which met plaintiff’s eye was the contract of sale clearly putting it on notice that the prepayment privilege was not available until July 1, 1966.
The plaintiff’s motion for summary judgment as to the prepayment. premium paid to defendant under protest ($234.97) is therefore denied, and defendant’s cross motion for summary judgment as to that item is granted.
*583 As to the additional interest charge made by the defendant, in the sum of $19.58, it is not controverted that plaintiff and defendant’s representative agreed to the mortgage satisfaction closing to be held on September 30, 1965, and that this closing was adjourned because of defendant’s failure to have the necessary mortgage and satisfaction instruments available for delivery to plaintiff against plaintiff’s payment therefor." This closing was then adjourned to October 5, 1965, at which time defendant demanded interest for the period October 1 to October 5, 1965, in the said sum of $19.58. In view of the fact that the adjournment was occasioned solely by defendant’s default, it should not be permitted to gain a benefit thereby. Plaintiff’s motion for a summary judgment as to this item is accordingly granted and defendant’s cross motion for summary judgment addressed thereto is denied.