In re Orin J. McBREAIRTY and Elaine McBreairty, d/b/a Mac's Carpentry & General Construction, Debtors.

**NORTHERN NATIONAL BANK, Plaintiff,**

v.

**THOMAS L. GOODWIN, Trustee,**

**and**

Orin J. McBreairty and Elaine McBreairty, d/b/a Mac's Carpentry & General Construction, Defendants.

Bankruptcy No. 180–00150.

Adv. No. 180–0068.

United States Bankruptcy Court, D. Maine.

March 24, 1981.

William Flora, Flora & Canders, P.A., Presque Isle, Me., for debtors.

Thomas L. Goodwin, Houlton, Me., Trustee.

John C. Walker, Presque Isle, Me., for plaintiff.

## MEMORANDUM OPINION

CONRAD K. CYR, Bankruptcy Judge.

Requesting relief from the automatic stay in force from the filing of the debtors' voluntary chapter 7 petition, plaintiff seeks to foreclose valid mortgages on real property of the debtors and to reclaim personal property subject to a valid security interest.[1] At issue is the extent to which future advances are protected by a second real estate mortgage.

On the strength of their promissory note and a first real estate mortgage the debtors borrowed $35,000 from the plaintiff with which to construct a dwelling house. Later, Orin McBreairty applied for additional financing with which to enlarge and complete the structure. A second mortgage on the same real estate was "given subject to [the] first real estate mortgage...." It contained a future advance clause limiting the total indebtedness protected by the lien of the second mortgage to "any and all sums not exceeding the sum of Forty Thousand Dollars ($40,000.00) which we may at this time or at any future time until this Mortgage shall be discharged, owe to Grantee." The debtors recognize the validity of future advance clauses under Maine law, see *Bunker v. Barron*, 93 Me. 87, 44 A. 372 (1899);

---

1. Plaintiff brought these adversary proceedings against the debtors and their trustee in bankruptcy. The trustee in bankruptcy failed to appear or otherwise defend and has been defaulted.

*Googins v. Gilmore*, 47 Me. 9 (1859); *Holbrook v. Baker*, 5 Me. (5 Greenl.) 309 (1828), but insist that this future advance clause expressly limits the lien protection afforded by the second mortgage to the difference between $40,000 and $35,000, the amount due under the first mortgage, or $5,000.[2]

The issue turns upon the intent of the parties as gleaned from the documents and the prevailing circumstances. *Gosselin v. Better Homes, Inc.*, Me., 256 A.2d 629, 637–38 (1969). On January 22, 1979, Orin McBreairty submitted to the plaintiff an application to "*increase* open end mtge. to $70,000."[3] On January 25, 1979, the debtors executed a second mortgage, expressly subordinating it to the first mortgage between the same parties. No advances were made under the second mortgage until at least December 5, 1979, when Orin McBreairty[4] executed a $14,000 promissory note. On February 22, 1980, he executed another note for $2,000. Each note provided: "This note is secured by existing collateral, including but not limited to: *none*."[5] On March 5, 1980, two more promissory notes were executed in the amounts of $26,726.47 and $11,626.99, with interest at 20% per annum. Each of these notes contained the typewritten words *Real Estate Mortgage* in the space provided for 'Description of Collateral.' The parties stipulate that the value of the real estate is $75,000.

The court is satisfied under all of the circumstances, see *id.*, that the first and second mortgage agreements represented separate and cumulative undertakings intended to secure total indebtedness not exceeding $75,000. The parties plainly intended that two of the advances made on March 5, 1980 come under the protection of the second mortgage.[6] The unpaid principal and interest on these two loans at the commencement of the chapter 7 proceedings totaled $40,581.12, making it unnecessary to determine whether the parties intended that the second real estate mortgage cover any remaining advances.[7] The court concludes that plaintiff is the holder of valid mortgages upon which the indebtedness due at least equals the value of the collateral. See Bankruptcy Code § 362(d)(2)(A), 11 U.S.C. § 362(d)(2)(A) (1979).

All remaining issues considered by counsel relate to the enforceability of the real estate mortgage liens and a security interest in personal property *as against third persons*, whose rights are not vested in the debtors but in their trustee in bankruptcy.[8] Since plaintiff's rights vis-a-vis the debtors in both real and personal property are plainly enforceable *inter se*, see *Lausier v. Goodwin*, 7 B.R. 476, 479 (Bkrtcy. D.Me. B.J. 1980); *In re James*, 7 B.R. 73, 74 (Bkrtcy. D.Me.B.J.1980), and since the trustee in bankruptcy asserts no rights therein, the requested relief from stay must be granted.

The court adopts this Memorandum Opinion as its findings of fact and conclusions of law.

---

**2.** In addition to the $35,000 loaned under the first mortgage, plaintiff later loaned the debtors another $58,666.37.

**3.** *See* Plaintiff's Exhibit # 4. (*Emphasis added.*) The only fair reading of the quoted language is that future advances *over and above* those covered by the first mortgage were to be protected by the same collateral.

**4.** Elaine McBreairty guaranteed all of Orin McBreairty's obligations to plaintiff.

**5.** The italicized word "*none*" is typewritten, while the remaining language is part of the printed form.

**6.** The future advance clause contradicts the collateralization provisions contained in the promissory notes dated December 5, 1979, February 22, 1980, and March 5, 1980 [$3,562.91]. *See* text accompanying notes 4 & 5 *supra*.

**7.** *See Smith v. Kerr*, 130 Me. 433, 439, 157 A. 314 (1931).

**8.** *See* Bankruptcy Code § 544, 11 U.S.C. § 544 (1979).